## FUNK *v*. BONHAM.

[No. 26,230. Filed July 29, 1932. Rehearing denied December 9, 1932.]

Kessinger & Hill, Emison & Hoover, Hickam & Hickam, Pickens, Davidson, Gause, Gilliom & Pickens, and Townsend, Thomas & Hilgman, for appellant.

Arnold J. Padgett, Arthur A. Clark, and Webster V. Moffett, for appellee.

TRAVIS, J.—This is an action on contract (Staley v. Jameson [1874], 46 Ind. 159; Goble v. Dillon [1882], 86 Ind. 327; Lane v. Boicourt [1891], 128 Ind. 420, 27 N. E. 1111, 25 Am. St. Rep. 442), by appellee against the appellant, wherein appellee seeks to recover damages from appellant on account of injuries sustained by the appellee while a patient under the care and treatment of the appellant. The complaint is presented by appellee's complaint in one paragraph, the sufficiency of which was in no manner questioned by appellant. Appellant pleaded the general issue. The

cause was submitted to and tried to a jury, which returned a verdict for appellee for $9,000.00. The appeal is from the judgment upon the verdict, by which appellant pleads as reversible error the action of the trial court overruling his motion for a new trial. The errors presented by the motion for a new trial, and presented upon appeal, are: that the verdict is not sustained by sufficient evidence; the verdict is contrary to law; the court erred in refusing to give to the jury instructions No. 17, 18, 19, 21, 22, 23, 24, 25, 26 and 27 tendered by the appellant; the court erred in giving to the jury, of its own motion, instructions No. 1, 9, 10 and 13; and, that the damages assessed by the jury are excessive.

The substance of appellee's complaint is that she was a married woman, aged thirty-nine years at the time of the surgical operation upon her by appellant. That for a long time prior thereto, appellant was a duly licensed practicing physician and surgeon of the state of Indiana and practiced in the city of Vincennes and held himself out as a specialist in the practice of surgery; that a few days prior to the day of the operation, appellee was afflicted and suffered from a tumor or growth of some kind in her abdominal cavity and that she employed appellant to treat her for the ailment alleged, and that he, for a valuable consideration, undertook and agreed to treat and care for her and to relieve her of her affliction. Appellant caused her to be taken to the Good Samaritan Hospital in the city of Vincennes and advised her that a surgical operation would be necessary to relieve her of her afflictions, to which appellee consented that appellant perform the surgical operation advised by him. On the day of the operation, appellant caused her to be put under an anaesthetic and then performed a surgical operation upon her by cutting an opening into her abdominal walls in the middle line below the navel about four inches in length and

removed from her abdominal cavity a growth or tumor. In the performance of the surgical operation, appellant used an absorbent sponge about four inches wide and eight inches long and about one-fourth of an inch thick with a string of six or eight inches long attached thereto; and, that after having removed the tumor or growth appellant, carelessly and negligently, closed the opening or wound and stitched the same together tightly leaving the sponge in her abdominal cavity.

That she, appellee, remained in such hospital and under the care of the appellant for about four weeks, during all of which time he carelessly and negligently suffered and permitted the sponge to remain sewed up in her abdominal cavity. Appellant then discharged appellee and she returned to her home in Bicknell, Indiana. That because of the presence of the sponge in her abdominal cavity, so left therein by appellant, the same set up an irritation therein, caused pus to gather and form in her abdominal cavity, which pus gathered in such large quantities that it permeated her entire system; that finally the pus broke open the place where appellant had lanced and cut open her abdomen and the sponge began to work out through this opening and finally an opening was required to be made large enough that the sponge could be removed therefrom. That she was made sick and caused to suffer great and intense pains because of the presence of this sponge, and her entire system became poisoned and weakened on account thereof; and that she would suffer pain and weakness, caused thereby, the remainder of her life, all to her damage in the sum of $10,000.00. That the leaving of the sponge in her abdomen and the injuries resulting to her on account thereof was the fault wholly of appellant as aforesaid without any fault or carelessness on her part.

It is unnecessary to narrate any of the evidence to support the complaint for the reason that no objection

is presented to any of the evidence in support of the allegations of ultimate facts in the complaint upon which the verdict must rest, but appellant makes the proposition that appellee, as plaintiff, cannot prove negligence in the leaving of the sponge in her abdomen by any evidence, except by expert testimony.

Appellant presents the points, which, when made into a composite point, is to the effect that the evidence presented to support the allegations of negligence was not given by experts, such as physicians or surgeons, but by lay witnesses; that evidence by non-expert witnesses is incompetent to prove the alleged negligence of the surgeon; from which it must follow that testimony by expert witnesses is necessary for the jury to consider, and by which the jury will determine the question whether or not care and skill was exercised by the operating surgeon in the operation, in which operation the surgeon placed a so-called lap-sponge in appellee's abdomen and failed to remove it before the operation was completed, which lack of care and skill constitutes negligence. More specifically, the point is made by appellant, that the jury may not legally determine or decide how surgery shall be performed, but that the jury must be guided by expert testimony on the subject. Appellant, by testimony by experts, showed the method of deep-abdominal surgery, and appellant, as the operating surgeon, followed the recognized methods of operation; and that the sponge was overlooked and left in the patient's abdomen by "accident;" that such an accident would not constitute negligence, from which it must follow that appellee could not recover damages.

Ordinarily, and almost universally, the issue of negligence is to be decided by the jury, when the case is tried by a jury, upon the competent evidence. Appellant makes no objection to the testimony, which was introduced by the plaintiff in this case, to

sustain the allegations of negligence, but, from the points already mentioned, bases the alleged error of insufficient evidence to sustain the verdict upon the lack of testimony by expert witnesses upon the question of negligence, which, it must be assumed, from the points made in the brief, was the duty of the plaintiff to introduce. It was held by a New York court that expert testimony to the effect that proper methods were used in the surgical operation destroyed any inference of negligence, because a gauze pack-off sponge was left in the abdominal cavity.

*Blackburn* v. *Baker* (1929), 227 App. Div. 588, 237 N. Y. S. 611. This is a more recent case than those cited to sustain the point, but it is of the same tenor. We do not subscribe to the above statement of the law, for the reason that it is for the jury to determine from the evidence whether the omission of certain treatment, like the failure to remove a lap-sponge used in the operation before the incision was closed, was or was not negligence. *Carpenter* v. *Blake* (1871), (N. Y.) 60 Barb. 488; *Walker Hospital* v. *Pulley* (1920), 74 Ind. App. 659, 127 N. E. 559, 128 N. E. 933.

The testimony of experts is used most frequently by the defendants in malpractice cases to prove no lack of duty or skill. This is illustrated by the principle of law stated in the cited case of *Blackburn* v. *Baker, supra,* which would sustain the verdict upon the evidence in this case, to the effect that, the mere presence of the sponge in appellee's abdomen, after the operation under consideration, standing by itself, suggests that proper surgical care had not been used; and that, under this state of facts shown by such evidence, the appellant here is required, to successfully meet the appellee's evidence to sustain the complaint, to offer proof in explanation of his action. We believe that, in the case at bar, the necessity for expert testimony

was a matter of defense, and that the rule of res ipsa loquitur applies, which put upon the appellant the burden of proving to the satisfaction of the jury, in order to present a complete defense, that he was not negligent in leaving the sponge in appellee's abdomen.

In this case, appellant, surgeon, presented the testimony of many expert witnesses who were physicians and surgeons, not one of whom testified that it was necessary or necessarily beneficial, or useful, to leave the sponge in the abdomen after the completion of the surgery necessary. The sponge in question here had a string or tape attached to it, which, according to the expert testimony given by appellant and by the appellee, was to be used to attach forceps, which tape and forceps were to hang outside of the body during the entire use of this sponge in the abdominal cavity for the very purpose of preventing a loss of the sponge and to prevent a failure to remove it after its use had been fully performed, and before the closing of the incision. There is no testimony in defense in this case to show that such good surgery was practiced, that is, that forceps had been attached to this sponge and had been left hanging outside the body of the patient. If such surgery had been practiced, the incision in the abdomen would not have been closed without discovering the tape protruding out through the opening; and if, perchance, as was suggested by the evidence, forceps had been attached to the tape and left hanging outside the body, but which forceps had in some manner become disengaged from the tape, then the forceps could be accounted for. The forceps would be on the operating table, or on the floor, and could almost instantaneously be recovered, and, if discovered, would have put the surgeon upon inquiry to locate the sponge, to which the forceps had been attached, and to cast a doubt upon the

count of the sponges made by the nurses. The decision of the issue here under such a state of facts may not rest entirely upon expert testimony, as appellant's proposition requires, which would invade the province of the jury and take from it its legally assigned duty to decide that such a state of facts did, or did not, constitute negligence. The proposition presented by appellant upon the question of evidence would leave the matter of negligence to be decided exclusively upon the opinion of expert witnesses, as to whether or not the surgeon, in leaving the sponge in the abdominal cavity, relied upon a custom of depending exclusively upon the count of the sponges by nurses employed and furnished by the hospital.

The proposition just stated arises upon appellant's point that, if there was any negligence in leaving the sponge in appellee's abdomen, it was the negligence of the hospital nurses who assisted the appellant to perform this operation. The evidence is, that two nurses assisted appellant, one called a sterile nurse, who handed to the surgeon all sterilized surgical instruments and the sterilized sponge of the size alleged in the complaint. Sterilized sponges were brought to the operating room from the room in which they were sterilized in groups of one-half dozen each. The sterile nurse placed the sponges on her table, counted them, and, as the operation proceeded, she handed to the surgeon the sterilized instruments and the sterilized sponges called for by him. Appellant testified that, in his judgment, this sponge found in appellee's abdomen was put in appellee's abdomen by himself when he operated on her. The second nurse assisting in the operation was what is called the unsterile nurse. After the operation is finished and the surgeon removes the sponges and instruments from the wound, he places the sponges, as was done in this case, in a basin at the foot of an operating table, after

which it was the duty of the unsterile nurse, which duty she performed, that she remove the used sponges from the basin and put them in another receptacle and count them. She reports to the sterile nurse the number of used sponges taken from the wound, and, by computation, the sterile nurse adds these to the number of sterile sponges unused and, if this sum is equal to the number of sponges brought into the surgery and counted before the operation begun, she reports to the surgeon that all sponges are accounted for. This was done in this case. The sterile nurse reported to the surgeon, the appellant, that all the sponges brought into the surgery were accounted for. After this, appellant observed the cavity and the wound by observation, without making a manual examination for sponges, and did not see the sponge which remained in appellee's abdomen, and then closed the incision. The use of the sponge during the operation in this case was a part of the operation.

Appellant's evidence was to the effect that the nurses were not his nurses, but were the nurses supplied by the hospital, and a mistake made by them could not be imputed to him and thereby charge negligence to him. A surgeon performing the delicate operation of deep surgery in the abdomen cannot assign details of the operation to those who assist him in the operation, unknown to the patient, and escape liability by delegating and relying upon such assistants to do and perform those acts which it was his duty to perform. And, although the proposition here contended for is supported by evidence that good surgery practice depended upon nurses to account for all instruments and sponges used, such expert evidence does not exonerate the surgeon as a matter of law, but such evidence is competent for a jury to consider in ascertaining the fact whether this surgeon was negligent in leaving the sponge in the cavity. The finding of negligence under such evidence is

the sole province of the jury. A surgeon is charged, as a matter of law, with the duty to remove sponges used in the operation, which sponges will not be of use in the abdomen after the operation. Ordinary care and caution forbids a surgeon to delegate the absolute authority and responsibility to a nurse or nurses to account for sponges and to thus escape responsibility himself. *Davis* v. *Kerr* (1913), 239 Pa. 351, 86 Atl. 1007, 46 L. R. A. (N. S.) 611; *Ault* v. *Hall* (1928), 119 Ohio State 422, 164 N. E. 518, 60 A. L. R. 128; *Barnett's Admr.*, v. *Brand* (1915), 165 Ky. 616, 177 S. W. 461.

It is held that it was not incumbent upon appellee to show, by expert testimony, that appellant did not do what was proper in the performance of the operation, or that he did anything improper in the performance of the operation or the treatment thereafter, to prove negligence by the appellant. The verdict is sustained by sufficient evidence.

Appellant tendered his instruction No. 17, which was refused. The instruction is based upon the learning and skill of the appellant as a surgeon. The complaint contained no allegation concerning the learning and skill of appellant, and there was no evidence upon that question. By this tendered instruction, it is disclosed that appellant misapprehended the nature of this action, and the grounds upon which it is founded. This action is not for want of skill; negligence is predicated upon the failure of appellant to use the skill, care and diligence which he undertook, by his contract, to use in the operation. An instruction should apply to the pleadings and the evidence, and, if it does not, then it is not applicable to the case as a matter of law. Instructions to the jury are for the purpose of aiding them to apply the law to the evidence so that they may ascertain the facts.

Instruction No. 18, tendered by appellant and refused,

invaded the province of the jury. The instruction itself is obscure. The trend of it is, that, if appellant ██ in this case followed the procedure customary in the exercise of due care, he is not liable for any damages or injuries consequent upon an honest mistake or error in judgment in the performance of the operation by leaving a sponge in the abdomen, for to do so was in accord with recognized authority and good current practice. Its basis is the proposition that appellant was not liable for the miscount of the sponges by the nurses. It is not applicable to the law of the case.

Appellant's tendered instruction No. 19 was refused. This instruction was covered by instruction No. 1 given by the court upon its own motion.

Appellant's tendered instruction No. 21 was refused. This instruction would have advised the jury that the handling, placing and removal of sponges in a surgical operation is, as a matter of law, to be determined solely upon expert testimony. The handling and placing of sponges in the body in an abdominal operation might be a matter which would depend upon expert testimony, but the failure to remove such sponges after the operation, they not being necessary for any use in the abdomen after the closing of the incision, was not a matter which depended solely upon expert testimony.

Appellant's tendered instruction No. 22, which was refused, presented the same question of law as refused instruction No. 21.

Instruction No. 23, tendered by the appellant and refused, instructed the jury that the law of this case was, that appellant was not liable for the negligence of the nurses who were employed by the hospital, providing the appellant did not own or control the hospital. Appellant may not charge lack of care and skill of placing and removal of lap-sponges used in a surgical operation upon assisting nurses, or upon the hospital.

Appellant's tendered instruction No. 24 is in substance the same as his tendered instruction No. 23.

Appellant's tendered instruction No. 25, which was refused, states as the law of the case that the question whether or not the best and safest method was used by appellant in ascertaining whether all sponges were removed is a question to be determined from the evidence given by experts; and that, where a matter depends wholly on scientific or expert knowledge, a person not an expert is not a competent witness on the subject, and the determination of the question must be by expert witnesses; and, whether a surgeon skillfully treated a patient must depend upon the testimony of surgeons, and, whether what the surgeon did in placing and removing sponges is a question for experts only. To leave a sponge in the abdominal cavity knowingly, may be a question upon which expert testimony of physicians and surgeons would be competent. But that is not the question here. The sponge was not left in the abdomen knowingly by appellant. The inference that this sponge ought to have been removed from appellee's abdomen before the completion of the operation is supported by abundant evidence. The method of counting sponges generally in surgery was given in evidence by the testimony of surgeons. The answer to this instruction is, that appellant may not delegate his duty to anyone else and by so doing discharge any obligation for damages which rests upon a lack of exercising care and skill. It must be admitted as a matter of common knowledge, without the use of experts, that it is the duty of the surgeon in an operation to remove all sponges placed in the abdomen before finishing the operation, unless such sponge is left in the abdomen for a use, which use is based upon scientific discovery.

Appellant's instruction No. 26, which was refused,

was similar to his tendered instruction No. 25. It stated the law to be that where an issue is solely a matter for experts, and experts who testify in the trial agree, the jury shall take as true such testimony. It is true that the experts agreed that it was necessary to use the sponges, and agreed that the customary manner in keeping count of the sponges was to delegate that matter to the nurses. The effect of this instruction was to shift the negligence, if any there was, upon the shoulders of the nurses and thereby exculpate the surgeon. The surgeon cannot delegate the responsibility and duty of placing the sponges in the abdominal cavity or of removing them therefrom if they are not needed to remain in the cavity after the operation, and the matter does not rest upon the efficiency of the nurses. They may aid the surgeon, but he cannot escape responsibility by delegation of his duty. *Ault* v. *Hall, supra.*

Appellant's tendered instruction No. 27, which was refused, stated the law to be that the surgeon is not liable for the negligence or mistake made by the nurse who is employed by the public hospital, over which the surgeon has no control, and that the surgeon would not be liable for a mistake made by such nurse in counting sponges, unless the appellee should prove by a preponderance of the evidence that appellant was guilty of negligence other than merely relying upon the nurses to perform their duty in accounting for the sponges. The negligence of the nurses, or of the hospital, was not an issue in this case. The evidence was competent which concerned the method of operations generally, that is, the use of nurses in caring for and accounting for sponges used in the operation. It was shown by the evidence, as hereinbefore stated, that this sponge had attached to it a tape for the sole and only use to determine the location of this sponge, and, at all times, have attached thereto forceps. This was not done. Had it been done,

no matter whether the forceps came loose from the tape or not, it could have been ascertained almost instantly whether this sponge had been lost, because the forceps would have been on the floor or on the operating table.

Appellant excepted to the giving of instruction No. 1 by the court, for the reason that the word "fair" before the word "preponderance" in the sentence, "under the issues thus formed, the burden is upon the plaintiff to prove every material allegation of her complaint by a fair preponderance of the evidence;" could easily leave the jury to conclude that, if the evidence balanced on any vital or material point, the jury could resolve the evidence in favor of the plaintiff. The instruction itself answers appellant's objection to it when the former part of the quoted sentence is completed. This is the remaining part of the sentence, "and by a fair preponderance of the evidence is not necessarily meant the greater in number of witnesses, but what is meant is the greater evidence in weight and credibility," and followed this sentence by the statement that, if the evidence upon any material allegation is equally balanced, the verdict must be for the defendant.

Appellant excepted to the giving of instruction No. 9 by the court. This instruction is to the effect that, it is for the jury to determine what weight to give to expert testimony in the case and, in arriving at such determination, they should consider the knowledge which the expert witnesses have concerning the subject on which they have given testimony, and especially, skill and means of knowing things about which they testified, as shown by the evidence. This instruction applied directly to the evidence given by appellant's expert witnesses in this case. Some of these witnesses were surgeons and some were physicians who did not practice surgery, but only knew of the practice

as indicated by the evidence in this case by observation. It was for the jury to determine who of these witnesses they would believe, and what weight was to be given to the testimony of each witness.

Appellant excepted to the giving of instruction No. 13 by the court. This instruction deals solely with damages. Appellant says that the instruction was improper because it was not a proper criterion for damages, because it does not limit the damages to the amount asked for in the complaint. The answer to this point, is that the amount of the verdict is less than the amount of damages asked. The point is also made that the instruction was that the jury should determine whether the injuries were permanent or only temporary. The complaint alleged that appellee's injuries were of a character permanent. The evidence showed that, following the operation, she had kidney trouble, and also that anything foreign in the abdomen which caused an infection, such infection would cause a person to become weakened and susceptible to other trouble. It was for the jury to determine the extent, injury, and the amount of damages which such injury occasioned. Appellant says concerning this instruction, that the instruction was erroneous because it told the jury, as a matter of law, that they could speculate on future damages in a case where the evidence does not show any such element. If, by this point, is meant that all determinations by jury from evidence is a speculation, then the use of the word speculation is wrong. The jury considers the evidence, and, to reach a verdict, must come to a conclusion based upon the evidence. Another jury might, from the same evidence, determine differently. This, however, would not constitute the action of the jury in reaching a conclusion from evidence to be a matter of speculation. Again, appellant complains of this instruction because it did not limit the

injuries to be considered by the jury to those injuries which resulted solely from the presence of the sponge in the abdomen, from which it would follow that the jury might have in mind injuries suffered as a result of the operation. The answer to this is, that there were no injuries complained of in the complaint or shown by the evidence which were not connected with the negligent leaving of the sponge in appellee's abdomen; and, besides, the court, by its instructions No. 1 and No. 11, limited the jury to the facts as proved by the evidence.

Appellant says that the trial court erred in refusing to grant a new trial for the reason that the damages assessed by the jury are excessive, and mentions certain things which the jury could not take into consideration, such as the loss of time, services or expenses in treating her injuries, nor for damages for any permanent injury, and concludes from these that the damages assessed are so unreasonable and excessive that it warrants a suspicion that the verdict was arrived at through passion, prejudice, or corruption. From the fact the appellee was but 39 years old at the time of the operation, a married woman, with an injury, if she had an injury, which might result in damage to her for a period longer than the two or three weeks mentioned by appellant, which was the time between the operation and the removal of the sponge, and which injury was to be determined by the jury, it cannot be said that the injury, proved by the negligent act of the appellant, lasted two or three weeks, or would last two or three years, or for an even greater period of time. There is no exact measure of damages in dollars and cents here as is definitely brought to mind by the statement of appellant himself, where he says that the jury could not take into consideration loss of time, services, and expenses in the treatment of her injuries. These

items are subjected to arithmetical calculation, but not so concerning the damages herein sued for. It cannot be said here from the face of the record that the jury arrived at this verdict through either passion, prejudice, or corruption.

The evidence is sufficient to sustain the verdict. The instructions to the jury presented by appellant and refused, and the instructions given by the court, and which were excepted to by the appellant, did not constitute error. The court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.

Treanor, J., does not participate.