R.S. WRIGHT, M.D., Donald D. Donner, M.D., and Bedford Medical Center, Appellants (Defendants Below),

v.

Betty CARTER and John Carter, Appellees (Plaintiffs Below).

No. 51S01–9310–CV–1178.

Supreme Court of Indiana.

Oct. 26, 1993.

Edna M. Koch, Tipton Cohen & Koch, Indianapolis, for appellant Donald D. Donner, M.D.

David J. Mallon, Jr., Kelly J. Pitcher, Ice Miller Donadio & Ryan, Indianapolis, for appellants R.S. Wright, M.D. and Bedford Medical Center.

Barry S. Brown, Bloomington, for appellees.

SHEPARD, Chief Justice.

When radiologist Donald D. Donner, M.D., moved for summary judgment on the medical malpractice claim of Betty Carter, Carter did not respond with any expert evidence. Instead, she relied on the rule of res ipsa loquitur. Given the facts underlying Carter's claim, we hold that this was an insufficient response and that Donner was entitled to summary judgment.

Carter brought this malpractice action upon learning that a 1.1 centimeter piece of wire had been inadvertently left in her left breast after a biopsy. Donner had inserted the wire prior to a surgery by defendant Dr. R.S. Wright to aid Wright in locating the non-palpable mass Wright was to remove from the breast.

Dr. Donner was not present in the operating room, where the wire transection occurred. Once he had inserted the wire, which insertion plaintiff does not allege was negligent, Donner's only role was to examine the mass removed by Dr. Wright.[1] The medical review panel unanimously found in favor of both physicians and the Bedford Medical Center. After Carter and her husband brought this action, the three providers moved for summary judgment, based on the panel's opinion. Carter failed to offer any expert opinion to rebut the conclusions of the medical review panel.

The trial court denied the motions for summary judgment, and the Court of Appeals affirmed. *Wright v. Carter* (1992), Ind.App., 604 N.E.2d 1236. We grant transfer and summarily affirm the Court of Appeals decision with respect to Wright and Bedford Medical Center. Ind.Appellate Rule 11(B)(3).

Indiana Trial Rule 56(C) directs the trial judge to grant a motion for summary judgment only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Any doubts concerning the existence of material facts are to be resolved in favor of the party opposing the motion.

■ As in other tort actions, a plaintiff alleging medical malpractice must show that the defendant, owing a duty to the plaintiff, violated a standard of reasonable care, causing injury to the plaintiff. Due to the complexity of the issues surrounding diagnosis and treatment,[2] Indiana recognizes a rule by which the parties introduce the opinion of medical experts about the standard of care customary under circumstances similar to the case at issue.[3]

■ Expert testimony, however, is not always a prerequisite to surviving a defendant's motion for summary judgment. As we noted in *Funk v. Bonham* (1932), 204 Ind. 170, 183 N.E. 312, there are some situations in which a physician defendant's allegedly negligent act or omission is so obvious as to allow plaintiffs to rely on the doctrine of res ipsa loquitur.[4] Juries do not need an expert to help them conclude, say, that it is malpractice to operate by mistake on the wrong limb. Sometimes, the undisputed facts themselves create an inference of negligence such that the judge cannot say that the defendant must win as a matter of law, the contrary opinion of the medical review panel notwithstanding.[5]

1. The operation took place in August 1986. In May 1987, Dr. Donner performed a xeromammography of Mrs. Carter, the examination of which revealed the presence of the wire remnant.

2. "Ordinarily, because of the technical and complicated nature of medical treatment, the trier of fact is simply unable to rationally apply the standard of care to it without the benefit of informative expert opinion on the ultimate question of breach of duty." *Burke v. Capello* (1988), Ind., 520 N.E.2d 439, 441.

3. When this Court first addressed the issue, we insisted that the testifying expert give his opinion on the standard of care in the particular location where the malpractice allegedly occurred. *Gramm v. Boener* (1877), 56 Ind. 497. The modern inquiry is less rigid, allowing for the expert to speak to the standard of care in the same *or similar* localities. For a more thorough treatment of the evolution of the standard of care in medical malpractice cases in Indiana,

see *Vergara v. Doan* (1992), Ind., 593 N.E.2d 185.

4. "The handling and placing of sponges in the body in an abdominal operation might be a matter which would depend upon expert testimony, but the failure to remove such sponges after the operation, they not being necessary for any use in the abdomen after the closing of the incision, was not a matter which depended solely upon expert testimony." 204 Ind. at 181, 183 N.E. at 316. "[I]t is for the jury to determine from the evidence whether the omission of certain treatment, like the failure to remove a lapsponge used in the operation before the incision was closed, was or was not negligence." *Id.* at 176, 183 N.E. at 316.

5. The findings of the medical review panel are some evidence of malpractice or lack thereof, but are not conclusive. Ind.Code Ann. § 27–12–10–23 (West Supp.1993) (formerly Ind.Code § 16–9.5–9–9).

Cases where expert opinion evidence is not necessary typically involve the failure of the operating physician to remove some surgical implement or other foreign object from the patient's body. In addition to *Funk* (sponge left in abdomen), see also *Ciesiolka v. Selby* (1970), 147 Ind.App. 396, 261 N.E.2d 95 (teflon mesh left in abdomen); *Klinger v. Caylor* (1971), 148 Ind. App. 508, 267 N.E.2d 848 ("surgical padding" left in intestinal tract); and *Burke v. Capello* (1988), Ind., 520 N.E.2d 439 (cement left in hip).[6]

■ In this case, Carter argues that the fact that a piece of wire remained in her body following the biopsy is sufficient to raise an inference of negligence, thereby obviating the need for an affidavit to that effect from an expert in order for them to survive defendants' motions for summary judgment. If undisputed facts support such an inference—that is, if they "speak for themselves"—plaintiff's burden of production is satisfied without expert testimony. As we observed in *Funk*, to hold otherwise would cede to the medical profession the ability to determine what constitutes a violation of the standard of care, a function which Indiana law has assigned to the jury. 204 Ind. at 178, 183 N.E. at 315.

Exclusivity of control is an important component of res ipsa loquitur in cases of this type. Dr. Wright left behind the wire fragment during the course of the biopsy he performed after Dr. Donner had completed his assigned task and departed. For all that appears, Carter was under the exclusive control of the surgeon, Dr. Wright, when this occurred.

■ While we agree that the continued presence of a foreign object introduced while performing a specific procedure, but serving no medical purpose once that procedure has been completed, does give rise to an inference of negligence, the question remains one of identifying the negligent actor. Here the inference of negligence arises as to the surgeon and the hospital,

but we cannot conclude that it extends to the radiologist, Dr. Donner. Absent testimony by a medical expert that Dr. Donner's actions (specifically, his failure to discover that Dr. Wright did not completely remove the wire) violated the standard of care in Bedford or similar localities, Donner's motion for summary judgment must be granted.

We affirm the denial of the motions for summary judgment of Dr. Wright and the Bedford Medical Center, and remand with instructions to grant summary judgment for Donner.

DeBRULER, GIVAN and DICKSON, JJ., concur.

KRAHULIK, J., dissents without separate opinion.

---

**6.** For an earlier discussion of the legitimate use of nonexpert witness testimony in medical malpractice and other cases involving "questions of science," see *Longfellow v. Vernon* (1914), 57 Ind.App. 611, 629, 105 N.E. 178, 184–85.