Rita SIMMS, Appellant–Plaintiff,

v.

Gregory A. SCHWEIKHER, D.P.M.,
Appellee–Defendant.

No. 79A02–9501–CV–32.

Court of Appeals of Indiana.

June 20, 1995.

Transfer Denied Oct. 25, 1995.

Michael J. Stapleton, Cheryl M. Knodle, Ball, Eggleston, Bumbleburg & McBride, Lafayette, for appellant.

Frederick Wm. Lacava, The LaCava Law Firm, Indianapolis, for appellee.

## OPINION

STATON, Judge.

In this medical malpractice action, Rita Simms ("Simms") appeals the order of the trial court granting summary judgment to Gregory A. Schweikher, D.P.M ("Dr. Schweikher"). Simms presents one (restated) issue for appellate review: whether the trial court erred in granting Dr. Schweikher's summary judgment motion.

We affirm.

The facts most favorable to Simms reveal that on December 17, 1992, Dr. Schweikher performed minor foot surgery on Simms at St. Elizabeth Hospital in Lafayette. During the course of surgery, a surgical technician placed a hot surgical instrument on Simms' leg, causing a third degree burn. Simms filed this action against Dr. Schweikher alleging vicarious liability for the nurse's act based on his duty to supervise her.[1] The trial court entered summary judgment in favor of Dr. Schweikher, and this appeal ensued.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact, and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; she may not simply rest on the allegations of her pleadings. *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369, 1371. At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny* (1994), Ind.App., 627 N.E.2d 1362, 1363, *reh. denied, trans. denied; Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194. We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

It is well settled that a plaintiff alleging medical malpractice must demonstrate that "the defendant, owing a duty to the plaintiff, violated a standard of reason-

---

1. Simms' complaint included a declaration that she sought damages not greater than $15,000.00; she was therefore not required to submit her malpractice claim to a medical review panel. IND.CODE § 27–12–8–6 (1993).

able care, causing injury to the plaintiff." *Wright v. Carter* (1993), Ind., 622 N.E.2d 170, 171. Because of the complex nature of medical diagnosis and treatment, expert testimony is generally required to establish the applicable standard of care. *Id.* If medical expert opinion is not in conflict regarding whether the physician's conduct met the requisite standard of care, there are no genuine triable issues. *Marquis v. Battersby* (1982), Ind.App., 443 N.E.2d 1202, 1203, *trans. denied.*

■ In support of his summary judgment motion, Dr. Schweikher presented his own affidavit stating that his conduct during surgery was within the applicable standard of care.[2] He also presented the surgical technician's affidavit, in which she admitted that her independent act caused Simms' injury and that Dr. Schweikher did not control her placement of instruments during the procedure. Simms offered no expert testimony to rebut this evidence; she presented only conclusory factual allegations based on excerpts of Dr. Schweikher's deposition, affidavit and interrogatory responses. The trial court concluded that Simms raised no genuine issue of material fact and summary judgment was appropriate.

The crux of Simms' argument on appeal is that Dr. Schweikher's conduct fell below the standard of care because the surgical technician under his apparent supervision acted negligently. Although Simms presented no expert testimony in support of her position, she attempts to circumvent the expert testimony requirement by arguing that the realm of Dr. Schweikher's supervisory responsibilities during surgery is not a question requiring medical expertise, but instead is an understandable matter within the common knowledge of laypersons.

Simms argument is without merit. Cases which do not require expert testimony gener-

ally involve the physician's failure to remove surgical implements or foreign objects from the patient's body. *See e.g. Burke v. Capello* (1988), Ind., 520 N.E.2d 439, 441 (surgical cement left inside patient after hip operation); *Funk v. Bonham* (1932), 204 Ind. 170, 180, 183 N.E. 312, 316 (surgical sponge left inside patient's abdomen). The rationale underlying these cases is that the facts themselves are sufficient to raise an inference of negligence without expert testimony.

This rationale is inapplicable to the case at bar, in which the supervisory capacity of a surgeon is at issue. We do not believe that the complex roles and responsibilities of surgeons and hospital staff assisting with surgery are within the common knowledge of laypersons. Without testimony from a medical expert indicating that supervision of surgical staff falls within the standard of care of a surgeon in this or a similar locality, we cannot infer that Dr. Schweikher was negligent by failing to prevent the surgical technician's injurious act.[3]

Because Simms failed to present expert medical testimony raising a genuine factual dispute, the trial court properly granted Dr. Schweikher's summary judgment motion.

Affirmed.

HOFFMAN, J., concurs.

BARTEAU, J., dissents and files separate opinion.

BARTEAU, Judge, dissenting.

Expert testimony was not required to defeat the motion for summary judgment. In malpractice cases, the tort of negligence is comprised of three elements, (1) duty, (2) failure to conform to the requisite standard of care, and (3) proximate causation. *Burke v. Capello* (1988), Ind., 520 N.E.2d 439. Expert medical testimony is generally required

---

**2.** Our supreme court has articulated the relevant standard of care as follows:

> [A] physician must exercise that degree of care, skill, and proficiency exercised by reasonably careful, skillful, and prudent practitioners in the same class to which he belongs, acting under the same or similar circumstances.

*Vergara by Vergara v. Doan* (1992), Ind., 593 N.E.2d 185, 187.

**3.** Because Simms failed to designate a triable factual issue under T.R. 56(C), we do not reach the merits of her legal claim; that is, whether a surgeon may be held vicariously liable for the negligent acts of hospital staff assisting in surgical procedures.

on the second element because the technical and complicated nature of medical treatment makes it impossible for the trier of fact to apply the standard of care without the benefit of expert opinion on the ultimate question of breach of duty. *Id.*

However, not all cases of medical negligence require expert testimony. *Wright v. Carter* (1993), Ind., 622 N.E.2d 170. Expert medical testimony is not required where the "allegedly negligent act or omission is so obvious as to allow plaintiffs to rely on the doctrine of res ipsa loquitur." *Id.* at 171. As Justice Shepard noted in *Wright,* "[j]uries do not need an expert to help them conclude, say, that it is malpractice to operate by mistake on the wrong limb." *Id.* at 171. Such is the case here. The act in question was the careless placement on an anesthetized patient's leg of a recently sterilized, scalding hot, unused and unneeded surgical instrument. There is nothing technical or complicated about this fact scenario. It is within the capability of the ordinary finder of fact to assess whether this act conformed to the standard of care.

The majority attempts to distinguish this line of cases by arguing that expert medical testimony is nevertheless required on the issue of whether supervision of surgical staff falls within the standard of care of a surgeon in this or a similar locality. This stretches too far the rationale for requiring expert testimony in medical matters. The scope of a surgeon's supervision of surgical staff is not technical or complicated, and would vary from person to person. An average finder of fact is quite capable of determining whether the degree of supervision a surgeon exercised at a given time complied with the requisite standard of care.

Further, the "expert" testimony presented by Schweikher was his own affidavit stating that he was familiar with the standard of care and had complied with it, and the affidavit of the individual who actually placed the hot instrument on Simms, stating that Schweikher did not control her placement of instruments. I question whether a self-serving affidavit by the defendant, and an affidavit by a surgical technician amount to qualified "expert" testimony sufficient to require Simms to come forward with expert medical testimony of her own.

Nevertheless, because of the circumstances, the burn to Simms gives rise to an inference of negligence. Because Dr. Schweikher had exclusive control of Simms, the inference of negligence arises as to him. *Wright,* 622 N.E.2d at 172. Expert testimony was not necessary to defeat the motion for summary judgment and the same should be reversed accordingly.