**SEYMOUR MANUFACTURING COMPANY, INC.,**
Appellant,

v.

**COMMERCIAL UNION INSURANCE COMPANY, American Employers' Insurance Company, Indiana Insurance Company and the Employers' Fire Insurance Company, Appellees.**

No. 03S05–9511–CV–01266.

Supreme Court of Indiana.

May 17, 1996.

Rehearing Denied Aug. 2, 1996.

Patrick W. Harrison, Beck & Harrison, Columbus, for Appellant.

George M. Plews, Jeffrey D. Featherstun, Plews Shadley Racher & Braun, Indianapolis, and Edward O. Roberts, Indianapolis, Amici Curiae, for Indiana Manufacturers Association.

Thomas J. Belcher, Kelley, Belcher & Brown, Bloomington, and Timothy J. Vrana, Sharpnack, Bigley, David & Rumple, Columbus, for Appellee.

Laura A. Foggan, Daniel E. Troy, Robert A. Goodman, Wiley, Rein & Fielding, Washington, D.C., and Lee B. McTurnan and Steven M. Badger, McTurnan & Turner, Indianapolis, Amici Curiae, for Insurance Environmental Litigation Association.

Edward Zampino, Peter E. Mueller, Victor C. Harwood, III, Harwood Lloyd, Hackensack, New Jersey, and Norman T. Funk and Donald D. Levenhagen, Hill, Fulwider, McDowell, Funk & Matthews, Indianapolis, for Aetna Casualty and Surety Company.

ON PETITION TO TRANSFER

DeBRULER, Justice.

This case comes before this Court on petition to transfer. Ind. Appellate R. 11(B)(2). In this interlocutory appeal, Seymour Manufacturing Company (SMC) appeals the trial court's denial of partial summary judgment on the issue of whether SMC's insurers have a duty to defend SMC against claims arising from SMC's alleged mishandling of waste materials. The Court of Appeals affirmed the trial court. *Seymour Manufacturing Company, Inc. v. Commercial Union Ins. Co.,* 648 N.E.2d 1214 (Ind.Ct.App.1995). We granted transfer to address the claim that the trial court erred in denying partial summary judgment on the issue of whether the insurance policies create a duty under which the insurance companies must defend SMC.

In 1968, SMC entered the business of reclamation and disposal of solid waste at a facility at Freeman Field in Seymour. SMC stored, treated and disposed of waste generated by manufacturers. In 1980, the United States Environmental Protection Agency (EPA) filed suit against SMC under the Re-

source Conservation and Recovery Act (RCRA) and the Clean Water Act. 42 USC § 6973; 33 USC § 1321. The EPA seeks to recover environmental clean-up and other costs. The EPA alleges that SMC stored multiple barrels of waste at the site and improperly maintained those storage barrels, many of which had deteriorated and were leaking contaminants, and that SMC allowed hazardous materials to spill, leak, or ooze from the containers, causing soil contamination, fumes, fires, and odor problems.

SMC notified the insurance companies of the actions brought against it and demanded defense and indemnity. The insurance companies investigated and determined that the claims were not covered under the policies. The insurers refused to defend SMC. SMC sued the insurers for declaratory judgment. SMC moved for partial summary judgment alleging that the insurers had a duty to defend and that motion was denied. SMC pursued this interlocutory appeal. Ind.Appellate R. 4(B)(6).

### Summary Judgment

A grant of summary judgment requires that the evidence show that there exists no issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial R. 56(C); *Wright v. Carter,* 622 N.E.2d 170, 171 (Ind.1993). In its motion for summary judgment, SMC claimed that appellees were required to defend SMC from claims brought by third parties for alleged pollution. Appellees responded that summary judgment should be denied because the policy exclusions clearly exclude all coverage and, accordingly, there is no duty to defend. In light of our recent decision in *American States Ins. Co. v. Kiger,* 662 N.E.2d 945 (Ind.1996), SMC's motion for summary judgment should have been granted.

### Interpretation of Contract Language

This Court has recently addressed contract interpretation issues virtually identical to those raised in this case. *Kiger, supra.* In *Kiger,* a series of insurance policies excluded coverage for damage caused by pollution, with an exception for damage caused by discharges that were "sudden and accidental." A later series of policies excluded coverage for damage caused by various pollutants. Kiger owned a gasoline station which had leaking storage tanks. The gasoline from those tanks had allegedly damaged the surrounding environment. When the Indiana Department of Environmental Management sought reimbursement for the costs of environmental cleanup, Kiger's insurers refused, citing the contractual exclusion. *Id.* at 946–47. The trial court disagreed and found coverage for Kiger while granting a motion for summary judgment.

After granting an emergency petition to transfer, this Court found coverage to exist, construing ambiguities in the policies against the insurer that drafted them. *Id.* at 947. Specifically, this Court held that "sudden and accidental" is special purpose language not requiring a temporal understanding and that "gasoline" is not clearly included in the contractual definition of "pollutant." *Id.* at 947–49. The phrases "sudden and accidental" and "pollutant" were found to be ambiguous and, accordingly, were construed against the insurer and in favor of coverage. *Id.*

In this case, there exist similar exclusions. SMC had also purchased multiple insurance policies which included a pollution exclusion with an exception for those discharges that were "sudden and accidental." In addition, the Employers' Fire Insurance Company policy disallowed coverage for damage caused by enumerated pollutants without exception. In *Kiger,* the issue was coverage, whereas this case involves the duty to defend. Since the duty to defend is broader than an insurance company's coverage liability or its duty to indemnify, *Trisler v. Indiana Ins. Co.,* 575 N.E.2d 1021, 1023 (Ind.Ct.App.1991), SMC was entitled to judgment as a matter of law and appellees must defend SMC.

### Conclusion

Accordingly, having granted transfer and having vacated the decision of the Court of Appeals, we reverse the judgment of the trial court and remand for further consistent proceedings. App.R. 11(B).

SHEPARD, C.J., concurs with separate opinion.

DICKSON and SELBY, JJ., concur.

SULLIVAN, J., dissents with separate opinion.

SHEPARD, Chief Justice, concurring.

Although I dissented in part from the recent decision in *American States Ins. Co. v. Kiger*, 662 N.E.2d 945 (Ind.1996), I accept it as stare decisis for purposes of this case and thus join in the Court's opinion.

SULLIVAN, Justice, dissenting.

The procedural posture of this case is important. Both the insured and insurer sought summary judgment, the insured contending that the insurer had a duty to defend as a matter of law and the insurer contending that it had no such duty as a matter of law. Summary judgment is appropriate only if there is no genuine issue as to any material fact. Ind.Trial Rule 56(C). Here the trial court denied summary judgment, finding that there were genuine issues of material fact and the Court of Appeals affirmed.

Under the insurance policies at issue here, the insurer had no duty to defend the insured against claims of property damage caused by environmental pollution unless the pollution was "sudden and accidental." In *American States Insurance Co. v. Kiger*, 662 N.E.2d 945 (Ind.1996), this court construed the "sudden and accidental" language of the pollution exclusion in general comprehensive liability policies to be "nothing more than a 'clarification' which made explicit the fact that *the insurance did not cover those acts which are expected or intended.*" *Id.* at 948 (emphasis supplied). Here there was evidence that SMC stored multiple barrels of liquid waste at its facility, did not identify or otherwise label the barrels in order to assure the proper method of disposal, did not make any attempt to separate wastes from other incompatible wastes, permitted barrels to rust or otherwise deteriorate, did not clean up open and obvious spills, did not properly cover many barrels, and received some types of waste for which it had no treatment facilities. This evidence supports, but is not dispositive of, the insurer's position that the hazardous waste spills were "expected or intended." As such, genuine issues of material

fact exist as to whether the spills were expected or intended, making summary judgment inappropriate.

Because I believe the trial court properly denied the insured's motion for summary judgment, I dissent.