**Mukesh I. DESAI, M.D., Appellant–Defendant,**

**v.**

**Sherry L. CROY, Personal Representative of the Estate of Danny L. Croy, Jr., Deceased, Appellee–Plaintiff.**

No. 91A02–0306–CV–512.

Court of Appeals of Indiana.

April 6, 2004.

Steven J. Cohen, Kathryn A. Elias, Zeigler, Cohen & Koch, Indianapolis, IN, Attorneys for Appellant.

Jay T. Hirschauer, Hirschauer & Hirschauer, Logansport, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Mukesh I. Desai, M.D. brings this interlocutory appeal from the trial court's decision to allow Sherry Croy to respond to his Motion for Summary Judgment, as well as the court's subsequent denial of that motion. We address the following issues on review:

1. Whether the trial court erred when it allowed Croy to respond to Dr. Desai's summary judgment motion when Croy had failed to file a response or seek an extension of time within the thirty-day period allotted under Trial Rule 56(C).

2. Whether Dr. Desai is entitled to summary judgment.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On October 27, 1997, Croy filed with the Indiana Department of Insurance a proposed complaint against Dr. Desai and Charter Lafayette Behavioral Health System ("Charter") alleging that their negligence resulted in her husband committing suicide. The parties selected a Medical Review Panel, which eventually rendered an opinion in March 2001 that "[t]he evidence does not support the conclusion that [Dr. Desai and Charter] failed to meet the applicable standard of care as charged in the Complaint. The conduct complained of may have been a factor [in] the resultant damages." Croy then filed her Com-

plaint in the White Circuit Court in June 2001.

On July 30, 2001, Dr. Desai moved for summary judgment and designated as evidence the Medical Review Panel Opinion that he had not failed to meet the applicable standard of care. The trial court scheduled Dr. Desai's motion for a hearing on October 1, 2001. Then, on August 20, Charter also moved for summary judgment and filed a request for a joint summary judgment hearing because both of the defendants' motions were based on the Medical Review Panel Opinion. The trial court granted Charter's request and scheduled both motions for a hearing on October 1.

Croy did not file any motions or affidavits within thirty days from the date of either Dr. Desai or Charter's motions for summary judgment. Rather, on September 25, Croy moved to continue the hearing, and the court granted her motion and rescheduled the joint hearing for December 10. On October 1, Dr. Desai and Charter filed a Joint Advisory Memorandum pointing out that Croy had failed to file a response, opposing affidavits, or request an extension of time to file either a response or affidavits, within thirty days of their summary judgment motions. As a result, Dr. Desai and Charter alleged that the court could only consider the evidence the defendants had designated in ruling on their summary judgment motions.

On December 6, Croy filed another request to continue the summary judgment hearing, which the trial court granted. The court then set the joint hearing for December 17. On December 14, three days prior to the hearing, Croy filed a Motion for Court to Permit Filing of Affidavits in Response to Defendants' Motions for Summary Judgment, Plaintiff's Memorandum of Law in Response to Motions for Summary Judgment, and Plaintiff's Desig-

nation in Support of Response to Motions for Summary Judgment, which included the affidavits of Croy, Reverend Steve Birch, Ned P. Masbaum, M.D., and Larry M. Davis, M.D. On December 17, Dr. Desai and Charter filed a Joint Motion to Strike Croy's designated evidence as untimely under Trial Rule 56(C).

The parties appeared on December 17, and during that hearing, Croy asked the trial court to exercise the discretion afforded to it under Trial Rule 56(I) to allow her to file her affidavits. Croy's counsel told the court that he had not filed a response within thirty days of the filing of the summary judgment motions because he had been involved in several jury trials during that time. Counsel also asserted that the information contained in the affidavits Croy sought to submit contained facts already known by Dr. Desai and Charter.

Following that hearing, the trial court issued two orders dated December 17, one of which granted Croy's motion to permit the filing of affidavits in response to the defendants' summary judgment motions. The other order provided in relevant part:

The Court, being duly advised, having reviewed the record of proceedings, and having considered the statements and arguments of counsel, now FINDS and ORDERS that the Plaintiff's Motion to Permit Filing Of Affidavits In Response To Defendants' Motions For Summary Judgment should and shall be granted. Pursuant to Trial Rule 56, the Court finds that the Plaintiff should be permitted the opportunity to file Plaintiff's Affidavits late, so that the defendants' Summary Judgment Motions may be heard and determined on the merits. [See] Order permitting Plaintiff's Affidavits to be filed. The Defendants' Joint Motion To Strike is denied.

The Court, being duly advised, having reviewed the record of proceedings, and

having considered the statements and arguments of counsel, now finds that the Defendants should have an opportunity to respond to the Affidavits filed by the Plaintiff designated as evidence in response to the Defendant[s]' Summary Judgment Motions. Therefore, the Court grants the Defendants fourteen (14) days to file such response. Further, any party may request the Court to schedule a further oral argument on the pending Motions For Summary Judgment within seven (7) days after the time period for filing responses. If there is no further oral argument required, the Court shall rule on the pending Motions For Summary Judgment summarily on the record of proceedings without further hearing.

Dr. Desai and Charter moved the court to certify its rulings for interlocutory appeal, and the court denied that motion.

The trial court eventually held a hearing on Dr. Desai and Charter's summary judgment motions in April 2003. On April 30, the trial court granted Charter's motion and denied Dr. Desai's motion. The court then granted Dr. Desai's motion to certify the relevant orders for interlocutory appeal, and this court accepted jurisdiction in July 2003.

## DISCUSSION AND DECISION

### Issue One: Croy's Untimely Response

■ It is undisputed that Croy did not file affidavits, designate any other evidence, or move for an extension of time in which to respond within thirty days after Dr. Desai moved for summary judgment. Instead, Croy filed two motions to continue the summary judgment hearing, both of which were filed more than thirty days from the date of Dr. Desai's motion. She then moved for permission to submit affidavits in response to Dr. Desai's motion three days before the summary judgment

hearing, which was held nearly five months after Dr. Desai's motion. The primary dispute between the parties in this case is whether the trial court had discretion under Trial Rule 56(I) to allow Croy to respond to Dr. Desai's motion three days before the hearing, or whether Trial Rule 56(I) affords trial courts discretion to alter time limits *only* where the non-moving party has filed a response, or requested an extension of time in which to file a response, to the summary judgment motion within thirty days of the date the motion was filed.

Trial Rule 56 provides in relevant part:

**(C) Motion and proceedings.** The motion and any supporting affidavits shall be served in accordance with the provisions of Rule 5. An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits. The court shall conduct a hearing on the motion which shall be held not less than ten (10) days after the time for filing the response. At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion.

\* \* \*

**(E) Form of affidavits—Further testimony—Defense required**.... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not

so respond, summary judgment, if appropriate, shall be entered against him.

\* \* \*

**(F) When affidavits are unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

\* \* \*

**(I) Alteration of Time.** The Court, for cause found, may alter any time limit set forth in this rule.

In *Seufert v. RWB Medical Income Properties I Ltd. Partnership*, 649 N.E.2d 1070, 1073 (Ind.Ct.App.1995), we considered Trial Rule 56 in its entirety, specifically interpreting 56(F) and (I). Despite the nonmoving party's argument on appeal that it was within the trial court's discretion to order a continuance or alter any time limits found within Rule 56, we concluded that the remedies provided by 56(F) and (I) were not available to a nonmoving party who has failed to oppose or respond to the motion within the thirty-day limit established by 56(C). In particular, we held:

> T.R. 56 requires an adverse party to respond within 30 days by either (1) filing affidavits showing issues of material fact, (2) filing his own affidavit indicating why the facts necessary to justify his opposition are unavailable, or (3) requesting an extension of time in which to file his response.

*Id.* Because Seufert had failed to respond in any way within the thirty-day time frame under 56(C), we determined that the trial court properly considered only the evidence designated by the moving party in support of summary judgment and that summary judgment was appropriate. *Id.*

Following our decision in *Seufert*, this court consistently followed the rule that a trial court has discretion to order a continuance under 56(F), or alter time limits under 56(I), only where the nonmoving party had responded, or sought an extension of time in which to respond, within thirty days. *See, e.g., Thayer v. Gohil*, 740 N.E.2d 1266, 1268 (Ind.Ct.App.2001) (stating nonmoving party must file response or request continuance during initial thirty-day period and must also file a response, affidavit under 56(F), or show cause for alteration of time under 56(I), during any additional period granted by trial court), *trans. denied; Markley Enter., Inc. v. Grover*, 716 N.E.2d 559, 563 (Ind.Ct.App. 1999) (holding trial court erred when it granted motion for extension of time to respond to summary judgment motion where nonmoving party failed to respond or seek extension within thirty days; also stating "trial court did not have unlimited discretion to expand the time within which [nonmoving party] could file his response to summary judgment."); *Southwood v. Carlson*, 704 N.E.2d 163, 168–69 (Ind.Ct. App.1999) (holding trial court correctly disregarded affidavits where nonmoving party failed to file response or request extension within thirty days); *Morton v. Moss*, 694 N.E.2d 1148, 1152 (Ind.Ct.App. 1998) (stating trial court was "obligated" to grant summary judgment, if appropriate, where nonmoving parties failed to respond or seek extension within thirty days); *Brown v. Banta*, 682 N.E.2d 582, 585 (Ind. Ct.App.1997) (holding where parties had stipulated to allow an additional thirty days for nonmoving party to take deposition, nonmoving party was required to either file affidavit for continuance under

56(F), or show cause for alteration of time limits under 56(I), within that additional thirty-day period and, thus, trial court did not err in granting moving party's motion to strike nonmoving party's untimely response and designations), *trans. denied; Venture Enter. v. Ardsley Distrib.*, 669 N.E.2d 1029, 1032 (Ind.Ct.App.1996) (applying rule in *Seufert* but distinguishing facts where nonmoving . party had filed within thirty days what was, in essence, as motion for continuance under 56(F)).

Recently, a panel of this court questioned the *Seufert* court's determination that a nonmoving party's ability to seek a continuance under 56(F), or move for alteration of time limits under 56(I), is contingent upon that nonmoving party's compliance with the thirty-day period set forth under 56(C). Specifically, in *Farm Credit Services v. Tucker*, 792 N.E.2d 565, 569 (Ind.Ct.App.2003), this court stated:

> We acknowledge that [*Seufert, Thayer,* and *Markley*] appear to establish as a matter of black-letter law that the trial court holds utterly no authority to allow any response to a motion for summary judgment unless some action in that regard is initiated within the initial thirty-day time period. Would not such have been the result before Section (I) was added to Rule 56 in 1991? If so, why was Section (I) added? The wording of Section (I) itself does not appear to import such rigidity as to forbid any discretion on the part of the trial court absent compliance with a mandatory precondition. The mandatory precondition was crafted by case law. There-

fore, we turn to some additional considerations as we determine whether the trial court abused its discretion in this case.

The court then analyzed the particular circumstances of that case and determined that the trial court had not erred when it allowed a nonmoving party to file designated evidence even though that nonmoving party had failed to respond or seek an extension within thirty days. *Id.* at 569–70. Our research reveals that no published decision has followed *Farm Credit* and, thus, that case is an anomaly.[1]

We follow the rule established in *Seufert* for several reasons. First, *Seufert* has been binding authority since 1995, and our court has consistently followed the rule that a nonmoving party must respond or seek an extension within thirty days. If the nonmoving party fails to do so, he may not thereafter seek a continuance under 56(F) or seek to alter time limits under 56(I). Construing all of the sections of Rule 56 as a whole, as we did in *Seufert*, it necessarily follows from our decision in that case that a trial court lacks discretion to permit a nonmoving party who has not responded in some way within thirty days to thereafter file designated evidence opposing summary judgment. *Seufert* and the line of cases that follow it establish a bright line rule both for trial courts and the parties who litigate summary judgment motions.

■ In addition, it is especially appropriate to follow *Seufert* in this case because at the time the trial court considered and ruled on Croy's motion for permission

---

1. In support of her argument that the trial court had discretion to grant her motion under Trial Rule 56(I), Croy also relies on *Riggin v. Rea Riggin & Sons, Inc.*, 738 N.E.2d 292 (Ind.Ct.App.2000), but that case is inapposite. In *Riggin*, we determined that a trial court has discretion under Trial Rule 56(I) to extend the date by which the court is required

to hold a summary judgment hearing under 56(C). *Id.* at 299. *Riggin* did not address whether a trial court has discretion under 56(I) to allow a nonmoving party, who has failed to respond or seek a continuance within thirty days, to file a response opposing summary judgment.

to file affidavits and Dr. Desai's motion to strike, *Farm Credit* had not been decided. Rather, in December 2001, the law was clear that "the remedies [of seeking a continuance under 56(F) and alteration of time limits under 56(I) ] are [not] available to a non-moving party who has failed to oppose or respond to [a summary judgment] motion within the 30 day limit established by T.R. 56(C)." *Seufert*, 649 N.E.2d at 1073.

In sum, following *Seufert*, we hold that where a nonmoving party fails to respond within thirty days by either (1) filing affidavits showing issues of material fact, (2) filing his own affidavit under Rule 56(F) indicating why the facts necessary to justify his opposition are unavailable, or (3) requesting an extension of time in which to file his response under 56(I), the trial court lacks discretion to permit that party to thereafter file a response. In other words, a trial court may exercise discretion and alter time limits under 56(I) only if the nonmoving party has responded or sought an extension within thirty days from the date the moving party filed for summary judgment. Here, because it is undisputed that Croy did not file any motions or affidavits within thirty days, the trial court erred when it allowed Croy to file affidavits opposing Dr. Desai's motion.

### Issue Two: Summary Judgment

Dr. Desai also asserts that the trial court erred when it denied his summary judgment motion. On review of a trial court's decision to grant or deny summary judgment, we stand in the same position as the trial court. *GEICO Ins. Co. v. Rowell*, 705 N.E.2d 476, 480 (Ind.Ct.App.1999). Summary judgment is appropriate only if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Ind. Trial Rule 56(C). The party moving for summary judgment bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Markley*, 716 N.E.2d at 564. Only if the movant sustains this burden does the burden shift to the opponent to set forth specific facts showing that there is a genuine issue of material fact. *Id.*

It is well settled that a plaintiff alleging medical malpractice must demonstrate that "the defendant, owing a duty to the plaintiff, violated a standard of reasonable care, causing injury to the plaintiff." *Simms v. Schweikher*, 651 N.E.2d 348, 349–50 (Ind.Ct.App.1995) (quoting *Wright v. Carter*, 622 N.E.2d 170, 171 (Ind.1993)), *trans. denied.* Because of the complex nature of medical diagnosis and treatment, expert testimony is generally required to establish the applicable standard of care. *Id.* If medical expert opinion is not in conflict regarding whether the physician's conduct met the requisite standard of care, there are no genuine triable issues. *Id.*

Here, we have determined that the trial court erred when it allowed Croy to respond and designate affidavits in opposition to Dr. Desai's motion. Accordingly, we look only to the evidence Dr. Desai designated in reviewing the trial court's denial of summary judgment. In support of his motion, Dr. Desai designated the Medical Review Panel Opinion, which provided in relevant part that "the evidence does not support the conclusion that [Dr. Desai] failed to meet the applicable standard of care as charged in the Complaint." To present a genuine issue of material fact for trial, Croy was required to present evidence to dispute the Medical Review Panel's opinion on the standard of care element. Although two of the affidavits Croy submitted three days before the

hearing addressed whether Dr. Desai had violated the applicable standard of care, we cannot consider those affidavits. In other words, we must treat Dr. Desai's motion as if it were unopposed, and if appropriate, we must enter summary judgment in his favor. *See* T.R. 56(E); *see also Markley*, 716 N.E.2d at 564 (after trial court erred when it granted nonmoving party extension to respond where that party had filed no response or extension within thirty days, this court looked only at moving party's designated evidence in considering whether summary judgment was appropriate); *Brown*, 682 N.E.2d at 585 (where nonmoving party failed to respond in timely manner, this court treated doctor's motion, which was supported by medical review panel opinion, as if it were unopposed and affirmed trial court's entry of summary judgment). We conclude that there are no genuine issues of material fact and that Dr. Desai is entitled to summary judgment as a matter of law. We therefore reverse and remand with instructions to the trial court to enter summary judgment in Dr. Desai's favor.

Reversed and remanded.

MAY, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

I respectfully dissent from the majority opinion. I would follow the holding of *Farm Credit Servs. v. Tucker*, 792 N.E.2d 565 (Ind.Ct.App.2003), in finding that Trial Rule 56 is not so rigid as the majority would hold.

Initially, I note that summary judgment is a lethal weapon and courts must be ever mindful of its aims and targets and beware of overkill in its use. *Vaughn v. Daniels Co. (West Virginia), Inc.*, 777 N.E.2d 1110, 1117 (Ind.Ct.App.2002). Inasmuch as summary judgment is disfavored in our law, we should not interpret our trial rules so as to encourage trial courts to essentially enter default judgments against litigants who are able to show cause for their failure to respond within thirty days.

As we observed in *Farm Credit*, Rule 56(I) does not require the adverse party to request an extension of time within the thirty-day period. The plain language of the rule states that the trial court may alter *any* time limit found in Rule 56 on one condition: the trial court finds cause to do so. Trial Rule 56(I). Here, it is apparent that the trial court found cause to alter the time in which Croy could file her response inasmuch as the trial court "considered the statements and arguments of counsel...." Appellant's Br. p. 15. Those statements included Croy's motion to permit the filing of her response in which her attorney stated that he was unable to respond in a timely fashion because he was in the middle of an out-of-county jury trial and that he had recently become responsible for a wide variety of jury trials previously set that had been scheduled to be tried by his father, who was ill. Appellant's App. p. 86–87.

Moreover, I find little value in one of the majority's justifications for disregarding *Farm Credit*. The majority determines that *Farm Credit* is an anomaly because no published decision has followed it. Op. at 849. However, *Farm Credit* was handed down a mere nine months ago. The fact that a nine-month-old published case has not been cited in other reported cases in no way affects its precedential value. To be sure, only two cases have mentioned Rule 56(I) since *Farm Credit* was handed down. *JSV, Inc. v. Hene Meat Co., Inc.*, acknowledged the existence of some split in authority as to whether a trial court has the discretion to allow a party to file an untimely summary judgment response but

did not reach the issue because no cause was shown for extending the thirty-day deadline. 794 N.E.2d 555, 558 (Ind.Ct. App.2003) ("*Compare Thayer v. Gohil*, 740 N.E.2d 1266, 1267–68 (Ind.Ct.App.2001), (holding that where there has been no timely response or designation of materials in opposition to a summary judgment motion, the trial court has no discretion to consider untimely-filed materials), *trans. denied* with *Stemm v. Estate of Dunlap*, 717 N.E.2d 971, 974 (Ind.Ct.App.1999) (holding trial court had discretion to consider summary judgment response not filed until after summary judgment had already been granted)"). *See also Sharp v. Town of Highland*, 665 N.E.2d 610, 617 n. 4 (Ind.Ct.App.1996), *trans. denied*, (saying that where the non-moving party's response was filed more than thirty days after the filing of a motion for summary judgment, the trial court was authorized to alter the thirty-day time limit pursuant to Trial Rule 56(I)). And *Coleman v. Charles Court, LLC*, followed *Seufert* without reference to or discussion of *Farm Credit*. 797 N.E.2d 775 (Ind.Ct.App.2003). Given the relatively short amount of time since *Farm Credit* was handed down and the existence of a split of authority, the fact that it has not been cited is not a condemnation of its authority.

In sum, "[t]he wording of Section (I) itself does not appear to import such rigidity as to forbid any discretion on the part of the trial court absent compliance with a mandatory precondition." *Farm Credit*, 792 N.E.2d at 569. I would therefore affirm the trial court's decision to permit the filing of Croy's response.

Furthermore, it is my view that the trial court correctly denied Dr. Desai's motion for summary judgment. When considering the designated evidence that Croy submitted to the trial court, there are genuine issues of material fact, specifically, expert testimony as to whether Dr. Desai violated the applicable standard of care, that must be decided by the fact-finder. Therefore, I would affirm the decision of the trial court.