## JONES ET AL. v. RAILROADMEN'S BUILDING AND SAVING ASSOCIATION ET AL.

[No. 15,725. Filed January 26, 1938.]

*Jackson & Hinchman* and *Marsh & Marsh*, for appellants.

*K. W. Hadley* and *Roemler & Rust*, for appellees.

KIME, J.—This suit was tried by the court upon the third amended cross-complaint of the Marion Finance Company, answers of appellants thereto and replies to the answers. The court found, among other things, that

the deed executed and delivered by the appellants to the Marion Finance Company was a deed at the time of its execution, but that in view of what followed it should be held to be a mortgage and judgment was entered; however, for the purpose of this opinion, said judgment need not be set out.

Separate and several motions for new trial were filed by appellants on the grounds that the decision of the court was not sustained by sufficient evidence and was contrary to law. The overruling of these motions is assigned as error here.

Appellants contend that the decision of the court is not sustained by sufficient evidence but appellee, Marion Finance Company, says that such assignment can not be considered by this court as appellants have not complied with clause five of Rule 21 of this court (applicable at that time) in that they have failed to set out a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. We have examined the record and the challenged brief and find that appellants have failed to set out any evidence as to some of the witnesses, only parts of the evidence as to other witnesses and no part of various exhibits introduced in evidence. The appellee Marion Finance Company sets out some of the above omitted evidence in its brief but the evidence set out in both appellants' and said appellee's briefs does not make such a condensed recital as the rules require. The assumption is that the trial court considered all the evidence introduced when he made his finding and entered judgment thereon, and unless such evidence, in narrative form so as to present the substance clearly and concisely, is in the briefs this court can not determine any question depending on a consideration of the evidence. *Gray* v. *James* (1935), 100 Ind. App. 257, 194 N. E. 203, and clause 5 of Rule 21, *supra.*

Even if it could be said that appellants had complied with clause 5 of Rule 21, *supra,* there still is no question presented to this court under either assignment  of alleged error as under each of said assignments appellants' brief only sets forth abstract propositions of law, without attempting to apply them to the case at bar.

The judgment of the Hancock Circuit Court is in all things affirmed.