Laura VLACH and Frank Vlach,
Plaintiffs–Appellants

v.

Robert GOODE, M.D.,
Defendant–Appellee

No. 46A03–8604–CV–112.

Court of Appeals of Indiana,
Third District.

Nov. 24, 1987.

Rehearing Denied Feb. 10, 1988.

Patrick J. McFarland, Stephen H. Meyer,
Chudom & Meyer, Schererville, for plain-
tiffs-appellants.

Leon R. Kaminski, Marsha Schatz Volk, Mark A. Lienhoop, LaPorte, for defendant-appellee.

GARRARD, Presiding Judge.

Laura and Frank Vlach appeal the granting of a motion for judgment on the evidence in favor of Dr. Robert Goode. We reverse.

Laura Vlach was a nurse in Starke County from 1970–1973, with some time off to bear a child. On March 18, 1973 Laura hurt her back moving a patient while working at Starke Memorial Hospital. She entered Starke Memorial on March 19 as a patient for another matter. While at the hospital she informed her physician, Dr. Goode, that she was now also suffering from back pain. In order to reduce the inflammation and back pain Dr. Goode gave Laura an injection of Kenalog into the upper inner quadrant of her left buttock into a lipoma (fatty nodule) which was positioned there underneath her skin. The injection hurt Laura and the area of the injection was sore and tender for two to three weeks thereafter.

In July 1973 Laura discovered a depression in the area of her back where the shot was given. The depression hurt deeply when touched and became hot to the touch as well. On July 10 Laura had an appointment with Dr. Goode and informed him of the problems. He gave Laura another Kenalog shot to reduce the inflammation.[1] As Goode gave the injection Laura felt a shooting pain down her buttock and leg, a pain which she had never felt before. Although this pain initially subsided, the depression got deeper, more tender, and within a month began to ache. Additionally, the radiating pain returned within two months of the second injection. Since that time Laura has consulted a number of other doctors and has had a variety of treatments including several operations. The back pain, however, persisted so she sued Dr. Goode and a Dr. Yu Hong Law, one of the surgeons, for medical malpractice. The case was tried in November and December 1985. This appeal concerns only Laura's action against Dr. Goode, not against Dr. Law.

Laura has raised three issues on appeal. First, did the trial court err by allowing Dr. Goode to testify that he had injected Laura with a Kenalog 10 concentration rather than a Kenalog 40 concentration in violation of the pretrial order? Second, did the trial court err by disregarding the testimony of Dr. Donald Miller in granting the judgment on the evidence? Finally, did the trial court err by finding that appellants failed to carry their burden of proof as to the standard of care?

■ Appellant argues that the trial court improperly allowed Dr. Goode to testify that he had administered Kenalog 10 rather than Kenalog 40 to Laura Vlach. Appellant argues that a Kenalog 10 defense was outside the scope of the issues as framed by the pretrial order and was contrary to responses given in interrogatories. In Indiana, where a pretrial order specifies the issues in the case, the parties will not be permitted to go into other issues unless the pretrial order is amended. *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73, 76. The pretrial order has a binding effect, but it is not to be rigidly and pointlessly adhered to at trial. The pretrial process is not intended to revive the outmoded institution of "code pleading." The pretrial order should be liberally construed to embrace *all* legal and factual theories inherent in the issues defined therein. The trial court is given broad discretion in interpreting the pretrial order. *Id.* at 76–77; *Eagle Motor Lines, Inc. v. Galloway* (1981), Ind.App., 426 N.E.2d 1322, 1326–27; *Hundt v. LaCrosse Grain Co., Inc.* (1981), Ind.App., 425 N.E.2d 687, 694–95. Because the trial court has broad discretion in construing the pretrial order, we will reverse the judge's decision to admit the testimony only if it constitutes an abuse of discretion. In applying the abuse of discretion standard of review, we examine only whether the action taken by the court was clearly against the logic and effect of the circumstances.

1. The concentration of both Kenalog injections was disputed at trial. Goode contended that he gave Kenalog 10 injections and Laura testified that both injections were of Kenalog 40.

*Radio Distributing v. National Bank & Trust Co.* (1986), Ind.App., 489 N.E.2d 642, 647.

■ In this matter we find that it was not an abuse of discretion for the trial court to admit Dr. Goode's testimony concerning Kenalog 10. First, the appellants' contentions in the pretrial order and the complaint did not explicitly specify that Dr. Goode injected Laura with Kenalog 40. Second, the pretrial order states that no facts were established by admission in the pleadings or by stipulation of counsel. The question as to whether Kenalog 10 or Kenalog 40 was injected is a factual question. Appellants could infer from the pretrial order that appellees would contest the facts of the case. Third, a period of ten years passed between the filing of the lawsuit and the trial. Fourth, appellants' counsel asked Dr. Goode specifically whether he used Kenalog 10 or Kenalog 40 prior to the alleged surprise, thereby indicating that appellants were aware of the Kenalog dispute. These last two factors indicate that appellants were not surprised by the Kenalog 10 defense. Logically, then, the pretrial order could be construed to embrace a Kenalog 10 defense and the trial court could have found that appellants were not surprised by the Kenalog 10 defense.[2]

■ Appellants have contended that Dr. Goode's responses to interrogatories established that he used Kenalog 40 and hence prevent Dr. Goode from claiming he injected Kenalog 10. However, the record reflects that in response to an interrogatory asking Dr. Goode whether he injected Laura with Kenalog 40, Dr. Goode's response was merely "Kenalog Sylocaine in March; Xylocaine in July 10, 1973." This response in no way establishes that Dr. Goode stated

he used Kenalog 10 or Kenalog 40. Rather, the question of which Kenalog concentration Dr. Goode used remained open after the interrogatories.

■ Appellants argue that it was improper for the trial court to disregard the testimony of Dr. Donald Miller in awarding a judgment on the evidence against them. Dr. Miller, an orthopedic surgeon, testified on behalf of appellants concerning Dr. Goode's alleged violation of the standard of care in Dr. Goode's treatment of Laura Vlach. Appellees initially objected to Dr. Miller's testimony on the grounds that he had no knowledge of care of the physicians practicing in Knox, Indiana, or similar communities. The trial court overruled this objection. Shortly thereafter appellees again objected to Dr. Miller's testimony on the grounds that he was not familiar with the standard of care of general practitioners in Knox, Indiana or Starke County. The court resolved the long-running debate over this objection by allowing Dr. Miller to testify subject to a motion to strike. At the end of Dr. Miller's testimony, appellees moved to strike the testimony. Unfortunately, the record reflects that the trial judge did not ever rule upon this motion to strike. We cannot infer that the trial judge ruled on the motion to strike in the absence of such a ruling on the record. Any error predicated upon failure to obtain such a ruling is waived. *Chustak v. Northern Indiana Public Service Co.* (1972), 259 Ind. 390, 288 N.E.2d 149, 152; *Hinds v. McNair* (1980), Ind.App., 413 N.E.2d 586, 596, n. 6; *Richmond Gas Corporation v. Reeves* (1973), 158 Ind.App. 338, 302 N.E.2d 795, 803. Therefore, the testimony remains on the record because it was originally admitted by the trial court over objection. As to the claim that the trial court disregarded

**2.** Appellant argues that *Burton v. Weyerhaeuser Timber Co.* (1941), 1 F.R.D. 571 should control. In *Burton* the district court ordered a new trial where the defendant had failed to inform the plaintiff at the pretrial hearing that plaintiff had been burned by sulphuric acid rather than muriatic acid as plaintiff contended and where defendant raised that fact as a defense at trial. This ruling was based on Rule 16 of the Federal Rules of Civil Procedure. As noted in *Hundt v. LaCrosse Grain Co., Inc., supra,* 425 N.E.2d at 694–95, our own Trial Rule 16, which concerns pretrial orders, is based on the federal rule. However, the key to distinguishing *Burton* from the case at hand lies in the surprise element. In *Burton* the plaintiff had no idea that defendant had actually burned him with sulphuric acid. In this case, however, the record indicates that appellants were aware of the possibility that Kenalog 10 might have been used and as a result were able to conduct an extensive cross-examination of Dr. Goode on this subject.

Dr. Miller's testimony, we must assume that the trial court took all relevant evidence admitted in this case into consideration when entering the judgment here. *Clark v. Atkins* (1986), Ind.App., 489 N.E. 2d 90, 98; *Pavach v. State* (1971), 149 Ind.App. 293, 271 N.E.2d 896, 903; *Jones v. Railroadmen's Bldg. & Sav. Ass'n.* (1938), 104 Ind.App. 582, 12 N.E.2d 364, 365; *Gray v. James* (1935), 100 Ind.App. 257, 194 N.E. 203, 205. Stated conversely, the court was not entitled to disregard admitted evidence in considering the TR 50 motion.

The trial court sustained Dr. Goode's motion for judgment on the evidence on the grounds that appellants had failed to meet their burden of proof as to the standard of care. Appellants argue that they, in fact, did carry their burden of proof as to the standard of care and that, therefore, the trial court erred by granting the motion for judgment on the evidence. Additionally, appellees argue that the appellants failed to make out a prima facie case as to proximate cause.

Initially we note our standard for review of the granting of a TR 50 motion for judgment on the evidence. We will consider the evidence most favorable to the nonmoving party along with all reasonable inferences therefrom. As long as there is any probative evidence or reasonable inference to be drawn from the evidence or if reasonable people would differ as to the result, judgment on the evidence is improper. A motion for judgment on the evidence should be granted only in those cases where the evidence does not conflict, is susceptible to only one inference, and supports judgment for the movant. *Whisman v. Fawcett, supra,* 470 N.E.2d at 79; *Northern Indiana Public Service Co. v. Stokes* (1986), Ind.App., 493 N.E.2d 175, 178. The judgment on the evidence in this case was granted concerning a claim of medical malpractice. In such situations the

issue on appeal is whether the plaintiffs presented sufficient evidence to establish a prima facie case of medical malpractice. To make a prima facie case of medical malpractice a plaintiff must show sufficient evidence of 1) the standard of care the doctor owed the patient, 2) breach of that standard, and 3) that the plaintiff suffered a compensable injury proximately caused by the defendant's breach of duty. *Dolezal v. Goode* (1982), Ind.App., 433 N.E.2d 828, 830; *Killebrew v. Johnson* (1980), Ind. App., 404 N.E.2d 1194, 1196.

■ We find that the appellants did present sufficient evidence of a prima facie case of medical malpractice and therefore the trial judge erred in granting the motion for judgment on the evidence. Sufficient evidence favorable to appellants as to standard of care and what would constitute a breach of the standard of care was adduced by two of appellants' witnesses, Dr. Miller and the defendant Dr. Goode (called as a plaintiff's witness). Dr. Miller testified that it would violate the standard of care in a hypothetical community similar to that of Starke County to inject Kenalog into a fat section of the sacroiliac area of the body. Dr. Goode later testified that if he had injected Kenalog 40 into the lipoma (fat deposit) in the area of the back into which he twice injected Laura with some form of Kenalog, that this would violate the standard of care under which he practiced medicine.[3]

■ Appellants also presented sufficient evidence that Dr. Goode had breached the standard of care. Although Dr. Goode contended at trial that he injected Kenalog 10 into the lipoma in Laura Vlach's back, Vlach herself testified that on both occasions in which Dr. Goode injected her lipoma she saw that the injecting syringe was filled from a container marked Kenalog 40.[4] The conflicting nature of this evi-

---

**3.** Dr. Goode initially testified that such an act would not violate the standard of care but immediately changed his testimony. This factor goes to the weight, not the sufficiency of the evidence.

**4.** Appellees argue that Laura's testimony about Kenalog 40 was circumstantial and as such did

not constitute a reasonable inference from what Laura saw. Appellees correctly point out that when the evidence is circumstantial concerning a TR 50 motion the question becomes the reasonableness of the sought-for inference. The issue is whether evidence is sufficient to create a reasonable inference or whether the inference

dence goes to the weight, not to the sufficiency of the evidence. We do not weigh evidence in reviewing the granting of a motion for judgment on the evidence. *First Bank & Trust Co. of Clay County v. Bunch* (1984), Ind.App., 460 N.E.2d 517, 519. We look only to the evidence favorable to Vlach. Here her testimony that Dr. Goode injected a lipoma in her back with Kenalog 40 was sufficient to establish a prima facie case as to the conduct constituting the breach of the standard of care.

Finally, appellants presented sufficient evidence as to proximate cause. Dr. Ray DeFalque and Dr. Miller both testified that to a reasonable degree of medical certainty the injections of Kenalog by Dr. Goode into the lipoma in Vlach's back caused her back pain initially.

In light of the evidence presented by appellants as to medical malpractice, the trial court erred in granting appellees' motion for judgment on the evidence.

Reversed and remanded for proceedings consistent with this opinion.

HOFFMAN and STATON, JJ., concur.

---

is unreasonable in that it could exist only as a matter of surmise, conjecture or speculation. Only in the latter instance is judgment on the evidence proper. *Northern Indiana Public Service Co. v. Stokes, supra,* 493 N.E.2d at 179–80; *Haidri v. Egolf* (1982), Ind.App., 430 N.E.2d 429, 431. In this case appellants' evidence did raise a reasonable inference that Kenalog 40 was administered. Laura is a nurse who testified that she was familiar with the injection of Kenalog 40. Laura testified that on the occasion of both injections she saw Dr. Goode draw fluid from a container marked Kenalog 40 into a syringe. Both times she immediately thereafter felt a syringe as it entered her body, both times with quite a bit of pain. Although it is possible that the containers were incorrectly marked or that Dr. Goode used a different syringe, one reasonable inference from Laura's testimony is that she was injected with Kenalog 40.