Howard J. WEINBERG, M.D., and Howard Weinberg, M.D., P.C., Appellants–Defendants,

v.

Joyce GEARY and Lloyd Geary, Appellees–Plaintiffs.

No. 45A03–9612–CV–439.

Court of Appeals of Indiana.

Nov. 17, 1997.

David C. Jensen, Michael E. O'Neill, Eichhorn & Eichhorn, Hammond, for Appellants–Defendants.

David K. Galloway, Sr., Chesterton, for Appellees–Plaintiffs.

## OPINION

GARRARD, Judge

### *STATEMENT OF THE CASE*

Howard J. Weinberg, M.D. and Howard Weinberg, M.D., P.C., ("Dr. Weinberg") ap-

peal the jury verdict, and judgment entered thereon, in favor of Joyce Geary and Lloyd Geary ("the Gearys"). The Gearys filed their medical malpractice action against Dr. Weinberg alleging, among several counts, that Dr. Weinberg negligently performed certain cosmetic plastic surgery procedures on Joyce. Following a jury trial, the jury entered its verdict in favor of the Gearys, and awarded the Gearys damages in the amount of $500,000.00.

We affirm.

### FACTS

The facts reveal that in February of 1987, Dr. Weinberg, a licensed plastic surgeon, performed a breast reduction and a chin liposuction on Joyce. Additionally, in June of 1988, Dr. Weinberg performed a facelift on Joyce. Following the surgeries, Joyce experienced unsightly scarring on her breasts, her chin, and her face. On September 14, 1989, the Gearys filed their proposed medical negligence complaint with the Indiana Department of Insurance. The Medical review panel issued its opinion that "[t]he evidence does not support the conclusion that [Dr. Weinberg] failed to meet the applicable standard of care as charged in the Complaint."

On June 29, 1992, the Gearys brought the present action in the Lake Circuit Court alleging that Dr. Weinberg negligently performed the surgeries.[1] Thereafter, the Gearys designated Ernest W. Stiller, Jr., M.D. ("Dr. Stiller"), a recently retired orthopedic surgeon with expertise in suturing techniques, as their expert witness expected to testify at trial. Dr. Stiller was deposed on July 22, 1994, and, following a pretrial conference, the trial court granted Dr. Weinberg leave to file a motion to bar Dr. Stiller from testifying at trial. Dr. Weinberg filed a motion to preclude Dr. Stiller's testimony, which motion the trial court subsequently denied.

This matter proceeded to trial by jury on May 28, 1996, and Dr. Stiller testified for the Gearys. At the close of the evidence, Dr. Weinberg moved for judgment on the evidence arguing that the Gearys had failed to present a prima facie case of medical malpractice. The trial court denied Dr. Weinberg's motion and submitted the case to the jury for deliberation. The jury returned a verdict in favor of the Gearys and awarded the Gearys damages in the amount of $500,000.00. Dr. Weinberg thereafter filed a motion to correct error which was denied by the trial court. This appeal followed.

### ISSUES

Dr. Weinberg presents two issues for our review which we restate as:

1. Whether a sufficient foundation existed for the admission of Dr. Stiller's testimony.

2. Whether the trial court erred when it denied Dr. Weinberg's motion for judgment on the evidence.

### DISCUSSION AND DECISION

**Issue One: Medical Expert Testimony**

Dr. Weinberg first contends that the trial court erred when it denied his pre-trial motion to bar Dr. Stiller from testifying as an expert at trial. Specifically, he asserts that Dr. Stiller was not qualified to render an opinion regarding the standard of care applicable to Dr. Weinberg under the circumstances. We disagree.

■ Our review of the record indicates that Dr. Weinberg failed to object to Dr. Stiller's testimony during trial. It is well-settled that in order to preserve error in the denial of a pre-trial motion in limine, the appealing party must object to the admission of the evidence at the time it is offered. *Martin v. State*, 622 N.E.2d 185, 187 (Ind. 1993). Failure to object at trial to the admission of the evidence results in waiver of the error. *Clausen v. State*, 622 N.E.2d 925, 927 (Ind.1993).

Notwithstanding waiver, Dr. Weinberg attempts to cloak the trial court's denial of his pre-trial motion as a failure of the trial court to require a sufficient foundation for the medical expert testimony. Although we do not generally address issues that have been waived, we do so in the instant case to clarify

---

1. Prior to trial, the trial court entered partial summary judgment in favor of Dr. Weinberg on all counts of the Gearys' complaint except medical negligence.

the foundational requirements in medical expert testimony cases.

■ Indiana Rule of Evidence 702(a) provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Due to the complexity of the issues surrounding medical diagnosis and treatment, expert testimony is generally required to establish the applicable standard of care. *Wright v. Carter*, 622 N.E.2d 170, 171 (Ind.1993); *Simms v. Schweikher*, 651 N.E.2d 348, 350 (Ind.Ct.App.1995), *trans. denied.* Indiana has adopted the rule that a physician must exercise "that degree of care, skill, and proficiency exercised by reasonably careful, skillful, and prudent practitioners in the same class to which he belongs, acting under the same or similar circumstances." *Vergara by Vergara v. Doan*, 593 N.E.2d 185, 187 (Ind.1992). Accordingly, to determine whether the physician's conduct fell below the applicable standard of care, the plaintiff must present expert testimony to establish what a reasonably prudent physician would or would not have done in rendering medical treatment to the plaintiff. *Whyde v. Czarkowski*, 659 N.E.2d 625, 627 (Ind.Ct.App.1995), *trans. denied.*

Evid.R. 702(b) provides:

Expert scientific testimony is admissible only if the court is satisfied that the scientific principles upon which the expert testimony rests are reliable.

■ The addition of this provision to our rules accords with the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and recognizes the role of the trial court judge as a "gatekeeper" concerning the admission of expert scientific testimony. The rule, as did our common law of evidence before it, invests in the judge sound discretion to determine whether and when a proper foundation has been laid for the receipt of such evidence. Thus, a complaining party must establish an abuse of discretion in order to secure a reversal based upon the court's decision to admit or reject such evidence. Of course, the proponent of the evidence must establish at least a minimal foundation for receipt of the expert opinion. When he does so the burden of coming forward shifts to the opponent of the evidence, ordinarily through the use of preliminary questions, to attack the basis for receiving the evidence.

■ Dr. Stiller testified that he had graduated with honors from the University of Chicago Medical School in 1969, and has been licensed in Indiana since then. Most of his practice has been in Indiana. He was board certified in orthopedic surgery, has more than 9000 hours emergency room service and sutured over 100,000 wounds. He was familiar with suturing techniques which he described for the court and jury. Clearly, on this testimony and without any challenge or objection the court was well within its discretion in determining an adequate foundation had been laid for Dr. Stiller to state his opinion.[2]

### Issue Two: Judgment on the Evidence

At the close of the evidence, Dr. Weinberg moved pursuant to Trial Rule 50(A) for judgment on the evidence. Following argument by both parties, the trial court denied Dr. Weinberg's motion. Dr. Weinberg contends the trial court erred when it denied his motion for judgment on the evidence and submitted the case to the jury on the issue of his medical malpractice. We must disagree.

■ Upon review of a motion for judgment on the evidence, we consider the evidence most favorable to the non-moving party along with all reasonable inferences to be drawn therefrom. *Vlach v. Goode*, 515 N.E.2d 569, 572 (Ind.Ct.App.1987), *trans. denied.* Judgment on the evidence should be denied unless there is a total absence of evidence or reasonable inference on at least

---

**2.** Weinberg also contends that Stiller's testimony concerning the scarring and the appearance of Joyce's breasts was not expert testimony since he referred to lay experience. While Dr. Stiller did so in describing the *injuries* that resulted, he expressed his medical opinion concerning negligence and causation.

one essential element of a plaintiff's case. *Stanley v. Fisher,* 417 N.E.2d 932, 936 (Ind. Ct.App.1981). As long as there is probative evidence or reasonable inference to be drawn from the evidence presented or if reasonable people would differ as to the result, judgment on the evidence is improper. *Vlach,* 515 N.E.2d at 572. A motion for judgment on the evidence should be granted only in those cases where the evidence does not conflict, is susceptible to only one inference, and supports judgment for the movant. *Id.*

▪ When a motion for judgment on the evidence is made on a claim of medical malpractice, the issue on appeal is whether the plaintiff presented sufficient evidence to establish a prima facie case of medical malpractice. *Id.* A plaintiff alleging medical malpractice must show (1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty by allowing conduct to fall below a set standard of care, and (3) a compensable injury proximately caused by the defendant's breach of the duty. *Whyde,* 659 N.E.2d at 627. As we stated above, expert testimony is generally required to establish the applicable standard of care and breach thereof. *Wright,* 622 N.E.2d at 171; *Simms,* 651 N.E.2d at 350.

▪ In the instant case, we conclude that the Gearys presented sufficient evidence to establish a prima facie case of medical malpractice. Dr. Stiller testified that it was important that there be no tension in the skin when closing a wound or incision and, in areas where there is excess tissue, that too much tissue not be removed. Dr. Stiller stated that it was his medical opinion that Joyce's significant scar spreading was caused by bringing the skin together with too much tension, or by cutting out too much tissue causing the wound to tighten. Dr. Stiller further testified that the type of scarring Joyce experienced which appears like "railroad track dots" was caused by leaving the stitches in too long or using surface stitches rather than subcuticular or "buried" stitches. Dr. Stiller opined that in any surgery situation other than emergency surgery, such "careless" suturing would constitute a breach of the standard of care of any surgeon. Based upon Dr. Stiller's testimony, we con-

clude that there was at least some evidence or reasonable inference on each element of the Gearys' claim for medical malpractice. Accordingly, the Gearys presented sufficient evidence to allow the case to go to the jury.

▪ Nevertheless, Dr. Weinberg maintains that Dr. Stiller's testimony was often more akin to the testimony of a lay person rather than an expert, and was merely an attempt to persuade the jurors that a deviation from the applicable standard of care was a matter within their common understanding. Indeed, a plaintiff is not required to present expert testimony in cases where a deviation from the standard of care is a matter within the common understanding of lay persons and the deficiency of the physician's conduct "speaks for itself." *See Whyde,* 659 N.E.2d at 627–28. This exception, often referred to as the "common knowledge" or *res ipsa loquitur* exception, has been narrowly construed to apply only in cases of "obvious" malpractice and, thus, has typically been limited to cases involving the failure of an operating physician to remove some surgical implement or other foreign object from the patient's body. *Id.*

▪ While we agree with Dr. Weinberg that the common knowledge exception does not apply in the instant case and that expert testimony was required, we disagree that Dr. Stiller testified as a lay person. We reiterate that when reviewing the denial of a motion for judgment on the evidence, we consider the evidence most favorable to the non-moving party. Here, Dr. Stiller gave extensive testimony based upon his background, training, and experience as an orthopedic surgeon and based upon his familiarity with suturing techniques. The trial court properly denied Dr. Weinberg's motion for judgment on the evidence.

Affirmed.

HOFFMAN and RILEY, JJ., concur.