**Connie L. ALDRICH, Appellant–Plaintiff,**

v.

**Vincent J. CODA, D.P.M., Appellee–Defendant.**

No. 57A03–9908–CV–314.

Court of Appeals of Indiana.

July 21, 2000.

---

Jennifer L. Graham, Indianapolis, Indiana, Attorney for Appellant.

Milford M. Miller, Larry L. Barnard, Calvert S. Miller, Miller Carson Boxberger & Murphy LLP, Fort Wayne, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellant, Connie L. Aldrich (Aldrich), appeals the trial court's order granting summary judgment in favor of Appellee, Vincent J. Coda, D.P.M. (Coda).

We reverse and remand.

The facts relevant to this appeal reveal that Aldrich filed a proposed complaint with the Indiana Department of Insurance alleging negligence in Dr. Coda's treatment of her feet. The Medical Review Panel issued an opinion finding that there was no evidence that Dr. Coda "failed to meet the applicable standard of care as charged in the proposed Complaint." Record at 19. On November 16, 1998, Aldrich filed her complaint in the Noble Superior Court. In response, Dr. Coda filed his answer and a motion for summary judgment.

Aldrich filed her opposition to Dr. Coda's motion for summary judgment on March 12, 1999. In support, Aldrich designated the affidavit of Dr. Michael P. Shea (Shea), a board certified orthopedic surgeon, which stated that Dr. Coda did not meet the applicable standard of care in caring for Aldrich's feet. A letter of opinion written by Dr. Shea and addressed to Aldrich's attorney was attached to and referenced in the affidavit. On March 25, 1999, Dr. Coda filed a reply to Aldrich's response and alleged that Dr. Shea's affidavit was insufficient to create a genuine issue of material fact to overcome summary judgment because Dr. Shea's affidavit did not state that he was familiar with the standard of care for podiatrists.

On March 26, 1999, Aldrich requested permission to file a supplemental affidavit prepared by Dr. Shea attesting that he was familiar with the standard of care for podiatrists. The trial court denied Aldrich's motion upon the basis that it was not timely filed. The trial court also granted Dr. Coda's motion for summary judgment upon the basis that Aldrich's "opposing response to the Motion for Summary Judgment of the Defendant failed to establish the affiant was familiar with the standard of care for podiatrists." [1] Record at 45.

---

1. The trial court erroneously cited *Vergara by Vergara v. Doan* (1992) Ind., 593 N.E.2d 185, for this proposition. In *Vergara,* our Supreme Court abandoned the "modified locality rule" previously applied in medical malpractice cases and adopted the following: "a physician must exercise that degree of care, skill, and proficiency exercised by reasonably careful, skillful, and prudent practitioners in the same class to which he belongs, acting under the same or similar circumstances." *Id.* at 187. The *Vergara* decision established the standard of care but it did not state that an affidavit in opposition to a motion for summary judgment must establish that an affiant is familiar with the applicable standard of care.

Upon appeal, Aldrich asserts that the affidavit submitted by Dr. Shea was sufficient to create a genuine issue of material fact and that summary judgment was inappropriate.[2]

■ Dr. Coda asserts that because Dr. Shea's affidavit did not specifically say that he was familiar with the standard of care for podiatrists, the affidavit was insufficient to establish a genuine issue of material fact. Dr. Coda further argues that although it is not required that Dr. Shea be the same type of specialist as Dr. Coda, it is necessary that Dr. Shea be knowledgeable with respect to the standard of care required for doctors within the same class to which Dr. Coda belongs.

■ Normally, summary judgment is not appropriate in medical malpractice cases based upon negligence. *Hoskins v. Sharp* (1994) Ind.App., 629 N.E.2d 1271, 1277, *reh'g denied.* This is especially true when the question is whether a doctor exercised the requisite standard of care under the circumstances. *Id.* An opposing affidavit submitted to establish an issue of fact is sufficient if it demonstrates "an expert's credentials, states that the expert has reviewed the relevant medical records, and sets forth the expert's conclusion that the defendants violated the standard of care in their treatment, which in turn caused the complained of injury...." *Jones v. Minick* (1998) Ind.App., 697 N.E.2d 496, 499, *trans. denied.* A generalized conclusion by the affiant that he is familiar with the applicable standard of care may be considered adequate to resist summary judgment. *Kopec v. Memorial Hospital of South Bend, Inc.* (1990) Ind. App., 557 N.E.2d 1367, *trans. denied.*

In this case, Dr. Shea's affidavit stated that he was "a licensed, board certified orthopedic surgeon ... [who] rendered a letter opinion on the quality of care which Dr. Vincent Coda provided to Connie Ald-

rich. A true and accurate copy of the letter opinion is attached hereto and incorporated fully herein as if it were my testimony ... [and] Dr. Coda's correction of Ms. Aldrich's hallus valgus deformities fell below the applicable standard of care for Ms. Aldrich's feet." Record at 29. The letter opinion attached and referenced in the affidavit specifically described the treatment that Aldrich received. In his letter, Dr. Shea stated "[m]y second concern is that the correction of the hallux valgus deformities and the angulation of the distal articular cartilage is certainly very poor. I feel that this is below the standard of care." Record at 32.

Dr. Coda contends not only that Dr. Shea's affidavit neglected to state that he was familiar with the applicable standard of care, but that Dr. Shea's letter opinion actually provides evidence that he is not familiar with the applicable standard of care. Dr. Coda directs our attention to Dr. Shea's statement, contained in his letter opinion, that "[t]his surgery is a very common podiatric procedure to the best of my knowledge but is used very sparingly by orthopedic surgeons, and as far as I know of, no fellowship foot and ankle trained surgeons actually use this procedure." Record at 30. Taken out of context, this statement might indicate Dr. Shea's lack of familiarity with the applicable standard of care. However, taken in the context of the entire letter, it implies that Dr. Shea is questioning the logic of performing the procedure at all. In fact, Dr. Shea's letter further states, "[i]n reviewing the patient's pre-op and post-operative x-rays, there seems to be no significant change in my mind to the first and second intermetatarsal angle to the hallux valgus angle which is the angle between the first metatarsal and the proximal phalanx. There is certainly no change in the angle of the distal metatarsal cartilage

2. Aldrich also asserts that it was an abuse of discretion for the trial court to refuse to consider Dr. Shea's supplemental affidavit. Because we find that Dr. Shea's initial affidavit was sufficient to preclude the granting of summary judgment, we decline to address this issue.

which this procedure, if performed correctly, should improve." Record at 31.

It would have been preferable if Dr. Shea had stated in his affidavit that he was familiar with the applicable standard of care for podiatrists. Be that as it may, it is evident from the content of the opinion letter that Dr. Shea, as an orthopedic surgeon, was indeed familiar with the standard of care required of Dr. Coda, as a podiatrist.[3] Therefore, the affidavit was sufficient to establish a genuine issue of fact and preclude summary judgment.

The judgment is reversed and remanded to the trial court with instructions to vacate the entry of summary judgment and for further proceedings.

BAILEY, J., and VAIDIK, J., concur.

---

**3.** Dr. Coda alternatively argues that Dr. Shea, as an orthopedic surgeon, is not qualified to evaluate the applicable standard of care for a podiatrist. We disagree. In *Weinberg v. Geary* (1997) Ind.App, 686 N.E.2d 1298, *trans. denied,* a panel of this court held that an orthopedic surgeon was qualified to render an opinion regarding the standard of care given by a plastic surgeon because he had extensive experience in suturing techniques which was the subject of the lawsuit in *Weinberg.* Similarly, here, Dr. Shea is an orthopedic surgeon who diagnoses and corrects skeletal deformities, and as such, he is eminently qualified to render an opinion on the standard of care required of a podiatrist in such matters.