# FOR PUBLICATION



**FILED**
Oct 31 2012, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARIELENA DUERRING**
Duerring Law Office
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN M. CLARK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1202-CR-62 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-1002-FA-7

**October 31, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Kevin Clark appeals the admission of evidence found in his bag and in the trunk of his car. He also appeals the admission of police testimony regarding the conversion of pseudoephedrine to methamphetamine.[1] We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 25, 2011, Robert Dunlap, the owner of a self-storage facility, contacted police because he believed someone was living in a storage unit in violation of the rental agreement. Sergeant Michael McHenry and Officer Dustin Lundgren arrived at the scene at approximately midnight and went to the storage unit. Sergeant McHenry observed three men, including Clark, leaving the storage unit. Clark was carrying a black duffel bag and, when asked to stop, he sat the bag on the ground. Sergeant McHenry asked the men to sit on the ground, and they complied. Sergeant McHenry asked Clark if he had anything illegal in the bag, and Clark admitted there was marijuana in the bag. Sergeant McHenry searched the bag without a warrant or Clark's consent. He found marijuana, baggies of methamphetamine, pseudoephedrine pills, a butane lighter, and clear plastic baggies.

Based on the items found in Clark's bag, Sergeant McHenry suspected there may be an active methamphetamine lab on site. Sergeant McHenry took his drug-sniffing dog to investigate Clark's car, and the dog indicated two areas where drugs might be found in the vehicle. Sergeant McHenry found marijuana in the vehicle and, upon opening the trunk, detected an ammonia-type smell consistent with methamphetamine manufacture. Sergeant

---

[1] Clark listed sufficiency of the evidence as an issue on appeal, but he makes no argument regarding that issue. Therefore, we decline to address it. *See* Ind. Appellate Rule 46(A)(8)(a); *Matheney v. State*, 688 N.E.2d 883, 907 (Ind. 1997) (failure to make a cogent argument on appeal waives the issue for our consideration).

McHenry opened a tool box in the trunk, determined the methamphetamine laboratory inside was not active, and obtained a search warrant for the vehicle. Sergeant McHenry called Trooper Maggie Shortt to the scene, and she processed the methamphetamine lab.

The State charged Clark with Class A felony attempted dealing in methamphetamine,[2] Class D felony possession of chemical reagent or precursors with intent to manufacture controlled substances,[3] and Class A misdemeanor possession of marijuana.[4] After a jury trial, Clark was convicted of Class A felony attempted dealing in methamphetamine and sentenced to forty-five years incarcerated.

## DISCUSSION AND DECISION

Admission of evidence is within the sound discretion of the trial court, and we review its decision for an abuse of discretion. *Cox v. State*, 774 N.E.2d 1025, 1026 (Ind. Ct. App. 2002). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. We consider only the evidence in favor of the trial court's decision. *Id*. Clark argues the trial court abused its discretion when it admitted evidence procured from an illegal search and seizure of Clark's bag.

1. Search and Seizure of Clark's Bag

The Fourth Amendment to the United States Constitution[5] provides:

The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or

---

[2] Ind. Code § 35-41-5-1 (attempt); Ind. Code § 35-48-4-1(b)(1) (dealing in cocaine or narcotic drug).
[3] Ind. Code § 35-48-4-14.5(a).
[4] Ind. Code § 35-48-4-11.
[5] Clark does not challenge the admission of the evidence based on the Indiana Constitution.

3

affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Officer McHenry's initial search of Clark's bag and vehicle occurred without a warrant. When a search is conducted without a warrant, the search must fall within one of the exceptions to the warrant requirement and be constitutionally reasonable. *Berry v. State*, 704 N.E.2d 462, 465 (Ind. 1998). Warrantless searches may be constitutional when: (1) incident to an arrest, which requires probable cause a crime has been committed, or (2) as part of an investigative stop, which requires reasonable suspicion a crime may be occurring or is about to occur. *Overstreet v. State*, 724 N.E.2d 661, 663 (Ind. Ct. App. 2000), *reh'g denied*.

Clark argues the officers did not have reason to believe criminal activity was afoot. We disagree. The police were summoned to the storage facility by its owner, who believed one of the tenants was committing criminal trespass by living in the storage unit in violation of the storage facility rental agreement. That report gave the officers reasonable suspicion of criminal activity, which justified stopping the tenant, Clark, and the third man with them. *See State v. Eichholtz*, 752 N.E.2d 163, 167 (Ind. Ct. App. 2001) (911 call from identified source sufficient to establish reasonable suspicion).

Just after the officers stopped the three men, Clark admitted he had marijuana in the bag he was carrying. That admission gave Officer McHenry probable cause to search the bag. *See State v. Spillers*, 847 N.E.2d 949, 955 (Ind. 2006) (an admission of criminal activity is sufficient to support probable cause).

Because the officers had reasonable suspicion to stop the men and because Clark

admitted his bag contained marijuana, we cannot say the trial court abused its discretion in admitting the items found in Clark's black duffel bag.[6]

2. Testimony Regarding Conversion of Pseudoephedrine to Methamphetamine

To prove Clark committed Class A felony attempted dealing in methamphetamine, the State had to prove Clark possessed more than three grams of methamphetamine. *See* Ind. Code §35-48-4-1(b)(1). During trial, over Clark's objection, the Prosecutor elicited the following testimony from Trooper Shortt:

| | |
|---|---|
| [State]: | Trooper Shortt, you testified that you yourself have manufactured methamphetamine? |
| [Shortt]: | Correct. |
| [State]: | And you've been involved in investigations in over 200 methamphetamine laboratories? |
| [Shortt]: | Correct. |
| [State]: | So you've seen how much finished product is typically produced in methamphetamine one-pot methods; is that fair to say? |
| [Shortt]: | I've seen meth at scenes. |
| [State]: | Okay. |
| [Shortt]: | I can't sit up here and testify that the meth that I see at scenes came from the cook that was currently going on, because, generally, the cooks that are currently going on that I process have not reached the HCl phase. |
| [State]: | Okay. When you did the methamphetamine cooks yourself, did it go through the HCl phase? |
| [Shortt]: | It did. |
| [State]: | And did it receive an amount at that point in time that you could see? |
| [Shortt]: | That I could see, yes. |
| [State]: | Typically, how much quantity would you see when it went through the final stage, and it precipitated out into a solid form? |

---

[6] Clark also argues Officer McHenry's search of Clark's car was illegal because it was tainted by the illegal search of his bag. However, as the search of his bag was constitutional, it could not have tainted the search of his car, and we need not address this argument. *See, e.g., Aldrich v. Coda*, 732 N.E.2d 243, 245 n.2 (Ind. Ct. App. 2000) (court declined to address subsequent issue when decision regarding initial issue precluded such argument).

5

| [Shortt]: | It looked to be over 50 percent of what we started with. |
| [State]: | Okay. So in your experience it was over a 50 percent from the amount that you put in of pseudoephedrine to what you actually saw come out in the end; is that fair to say? |
| [Shortt]: | Yes. |

(Tr. at 569-70.) Clark argues the trial court abused its discretion when it allowed Trooper Shortt to testify regarding the conversion ratio of pseudoephedrine to methamphetamine. We disagree.

Ind. Evidence Rule 701 provides:

If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact at issue.

A skilled witness is one who has "a degree of knowledge short of that sufficient to be declared an expert under Rule 702, but somewhat beyond that possessed by the ordinary jurors." *Mariscal v. State*, 687 N.E.2d 378, 380 (Ind. Ct. App. 1997) (quoting 13B Robert L. Miller Jr., *Courtroom Handbook on Indiana Evidence* 196 (1996)), *trans. denied*. A police officer's experience and training may be the foundation for skilled witness testimony. *Stephenson v. State*, 742 N.E.2d 463, 480 (Ind. 2001), *cert. denied* 534 U.S. 1105 (2002).

Trooper Shortt's testimony was rationally based on her perceptions and was helpful to the determination of facts at issue in the case. Trooper Shortt testified she had investigated over 200 methamphetamine labs and had twice cooked methamphetamine herself. She began investigating methamphetamine laboratories in 2007, completed a forty-hour course on the manufacture of methamphetamine, and participated in a twenty-four hour job training at the

6

Indiana State Police clandestine laboratory. She is required to take at least eight hours of refresher training each year. Her testimony could reasonably assist the jury in deciding whether Clark possessed the components to produce more than three grams of methamphetamine. For these reasons, we hold the trial court did not abuse its discretion when it allowed Trooper Shortt to testify over Clark's objection.

## CONCLUSION

The trial court did not abuse its discretion in admitting the evidence gleaned from the search of Clark's bag and car because the officers had reasonable suspicion to stop Clark and search Clark's bag after he admitted it contained marijuana. Nor did the trial court abuse its discretion when it allowed Trooper Shortt to testify over Clark's objection because her testimony was opinion testimony of a lay witness based on her experience, and not expert testimony. Accordingly, we affirm.

Affirmed.

NAJAM, J., and KIRSCH, J., concur.