## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 04 2018, 8:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Caroline B. Briggs
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| S.T., *Appellant-Respondent,* | May 4, 2018 |
| v. | Court of Appeals Case No. 12A05-1710-PO-2356 |
| | Appeal from the Clinton Superior Court |
| K.D., *Appellee-Petitioner* | The Honorable Donald Currie, Senior Judge |
| | Trial Court Cause No. 12D01-1707-PO-588 |

**May, Judge.**

[1] S.T. ("Respondent") appeals the grant of a protective order to K.D. ("Petitioner"). Respondent presents three issues, which we restate as:

> 1. Whether the trial court abused its discretion when it granted the State of Indiana's Motion to Quash Respondent's subpoena of Angie Dunk, an employee of the Clinton County Prosecutor's Office;

> 2. Whether the trial court abused its discretion when it entered an order striking Respondent's motion to produce evidence; and

> 3. Whether Petitioner presented sufficient evidence of Respondent's stalking to obtain a protective order.

We affirm.

# Facts and Procedural History

[2] On July 7, 2017, Petitioner requested a protective order against Respondent, alleging Respondent committed multiple acts of stalking against Petitioner. On July 31, 2017, Respondent filed a motion to produce evidence and a subpoena for Angie Dunk, an employee of the Clinton County Prosecutor's Office. On August 1, 2017, the trial court entered an order striking Respondent's motion to produce evidence because it did not comport with the relevant trial rules. On August 4, 2017, the Clinton County Prosecutor's Office filed a motion to quash Respondent's subpoena of Dunk. On August 8, 2017, the trial court granted the motion to quash.

On August 25, 2017, the trial court held a hearing on Petitioner's request for a protective order. Both parties appeared *pro se*. The parties did not dispute Petitioner loaned Respondent money, which Respondent had not paid back. Petitioner presented testimony of at least two incidents with Respondent that caused Petitioner to feel "upset," (Tr. Vol. II at 10); "rattled," (*id*. at 12); "shocked," (*id*. at 24); and "shooken [sic] up." (*Id*. at 35.) Based on the evidence, the trial court entered a protective order and stated:

| | |
|---|---|
| [Court]: | [Respondent], you are not to have contact with [Petitioner]. Directly. Indirectly. |
| [Respondent]: | I have no contact. |
| [Court]: | Or through any okay well that makes it easy. Not a big deal then. Uh simply uh [Petitioner] you can't be contacting [Respondent] asking her where the money is or anything like that. Because [Respondent] is now under an Order of Protection like you've requested. You've got it. [Respondent's] not gonna make any contact with you uh direct or indirectly except through an attorney of law. Uh they can make contact with you about notices and things like that. But you cannot make contact with [Respondent]. [Respondent's] not gonna be making contact with you. |

(*Id*. at 79) (errors in original).

# Discussion and Decision

Petitioner did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

## Grant of Motion to Quash Subpoena

The trial court has broad discretion in ruling on a motion to quash, and we will reverse the trial court's order only for an abuse of discretion. *Matter of Estate of Wilson*, 610 N.E.2d 851, 854 (Ind. Ct. App. 1993), *reh'g denied, trans. denied*, *cert. denied sub nom. Phipps v. Wilson*, 510 U.S. 1072 (Jan. 18, 1994). Respondent argues the trial court abused its discretion when it granted the Clinton County Prosecutor's Office's motion to quash the subpoena of Angie Dunk because Respondent was not given adequate notice of the motion to quash and, thus, was not able to respond thereto.

On July 31, 2017, Respondent[1] filed a subpoena for the presence and testimony of Angie Dunk, an employee of the Clinton County Prosecutor's Office.  On August 4, 2017, in response to Respondent's subpoena of Dunk, the Clinton County Deputy Prosecuting Attorney filed a motion to quash the subpoena because "any information [Dunk] may have received from Petitioner while working in the Clinton County Prosecutor's Office pertains to an active criminal investigation, and therefore, an expectation of privacy exists."  (App. Vol. II at 20.)  The motion to quash also stated, "Dunk has no testimony to offer that would be relevant to this proceeding."  (*Id.*)  On August 8, 2017, the trial court granted the Prosecutor's motion to quash.

It is well-settled to preserve an error in a pre-trial ruling, a party must object to the admission or exclusion of that evidence at trial.  *Perez v. Bakel*, 862 N.E.2d 289, 295 (Ind. Ct. App. 2007) (footnote added).  "Failure to object at trial . . . results in waiver of the error."  *Id*. at 296 (quoting *Weinberg v. Geary*, 686 N.E.2d 1298, 1300 (Ind. Ct. App. 1997), *reh'g denied, trans. denied*).  When testimony is excluded, a party must make an offer to prove "to preserve for appeal the trial court's allegedly erroneous exclusion of evidence."  *Bradford v. State*, 675 N.E.2d 296, 302 (Ind. 1996), *reh'g denied*.  During trial, Respondent did not mention the trial court's grant of the motion to quash, nor did she make an offer to prove indicating what Dunk would have testified.  Thus, her argument is

---

[1] Both parties appeared *pro se* before the trial court.  It is well settled that *pro se* litigants are held to the same standards as licensed attorneys and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

waived. *See Baxendale v. Raich*, 878 N.E.2d 1252, 1258 (Ind. 2008) (when there is "no showing what the anticipated evidence would have been," an argument for admission of evidence is precluded on appeal).

## Order Striking Motion to Produce Evidence

[8] "A trial court is accorded broad discretion in ruling on issues of discovery." *State v. Pelley*, 828 N.E.2d 915, 923 (Ind. 2005). Consequently, our review is limited to determining whether the trial court abused its discretion. *In re Witham Mem'l Hosp.*, 706 N.E.2d 1087, 1090 (Ind. Ct. App. 1999). An abuse of discretion occurs when the trial court reaches a conclusion that is against the logical inferences to be drawn from the facts of the case. *Id*. We presume the trial court decided correctly, and the party challenging its decision has the burden on appeal of demonstrating error. *Pelley*, 828 N.E.2d at 923.

[9] On July 31, 2017, Respondent filed a motion to produce evidence, requesting Petitioner "disclose, and in the case of a tangible item, . . . produce for examination, inspection and copying" a list of items such as witnesses, documents, recorded statements, and electronic surveillance allegedly relevant to the case. (App. Vol. II at 16.) Respondent included with the motion a draft order, granting her request. On August 1, 2017, the trial court issued as its Order a revised version of Respondent's draft order. As revised, the order states: "The Court strikes Respondent's Motion to Produce Evidence. No request for discovery shall be filed with the Court except in accordance with Trial Rule 5(E)(2)." (*Id*. at 18.)

[10] Respondent argues the trial court abused its discretion when it struck her motion to produce evidence because the Indiana Trial Rules do not allow a trial court to strike a document from the record without motion of a party. However, Respondent did not present this issue before the trial court by way of objection at trial, and thus it is waived. *See Perez*, 862 N.E.2d at 295 (allegation of error in trial court's decision regarding a pre-trial motion must be presented to the trial court by way of objection during trial; if not, alleged error is waived from appellate consideration).

## Sufficiency of Evidence

[11] Respondent argues the evidence was insufficient to grant Petitioner's request for a protective order. When reviewing sufficiency of evidence to support a protective order, we neither reweigh the evidence nor judge the credibility of witnesses. *Tisdial v. Young*, 925 N.E.2d 783, 785 (Ind. Ct. App. 2010). We consider only the probative evidence and reasonable inferences therefrom supporting the trial court's judgment. *Id*.

[12] The legislature established the criteria by which a trial court may grant a protective order:

> A person who is or has been a victim of domestic or family violence may file a petition for an order for protection against a:
>
> (1) family or household member who commits an act of domestic or family violence; or

(2) person who has committed stalking under IC 35-45-10-5 or a
sex offense under IC 35-42-4 against the petitioner.

Ind. Code § 34-26-5-2(a). A person who requests a protective order must prove one of the elements of Indiana Code section 34-26-5-2(a) by a preponderance of the evidence. *Essany v. Bower*, 790 N.E.2d 148, 154-55 (Ind. Ct. App. 2003). Respondent argues Petitioner did present sufficient evidence that Petitioner committed stalking.

[13] Stalking is defined as "a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened." Ind. Code § 35-45-10-1. "[T]he term 'repeated' in Indiana's anti-stalking law means 'more than once.'" *Johnson v. State*, 721 N.E.2d 327, 332-3 (Ind. Ct. App. 1999), *trans. denied*. Petitioner presented evidence of at least two incidents involving the parties that caused Petitioner to feel "upset," (Tr. Vol. II at 10); "rattled," (*id*. at 12); "shocked," (*id*. at 24); and "shooken [sic] up." (*Id*. at 35.)

[14] Starting around June 10, 2017, after being asked not to contact Petitioner, Respondent sent multiple text messages to Petitioner and Petitioner's daughter. On June 13, 2017, Respondent came to Petitioner's house and, while there, Respondent was "irate" (*id*. at 24), "screaming and hollering," (*id*.), and "carrying on." (*Id*.) As a result, Petitioner called the police. We conclude Petitioner's testimony constituted sufficient evidence Respondent stalked

Petitioner as defined by Indiana law.[2]  *See Johnson*, 721 N.E.2d at 333 (while victim did not testify that she was specifically "terrorized, frightened, intimidated, or threatened" by Johnson's behavior, that fact could be inferred from her testimony).

# Conclusion

Respondent's failure to object at trial to the quashing of her subpoena or the striking of her motion to produce evidence, along with her failure to provide an offer of proof about what evidence would have been produced, renders those evidentiary issues unavailable for appeal.  Petitioner presented sufficient evidence to prove Respondent stalked her.  Accordingly, we affirm.

Affirmed.

Riley, J., and Mathias, J., concur.

---

[2] Respondent's brief directs our attention to times when Petitioner or her daughter initiated contact with Respondent, while omitting reference to the incidents and testimony that supported the trial court's decision. Such argument is an invitation for us to reweigh the evidence, which we cannot do.  *See Tisdial*, 925 N.E.2d at 785 (appellate court cannot reweigh evidence or judge the credibility of witnesses when evaluating the sufficiency of the evidence to support a protective order).