In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-1538

THE ALUMINUM TRAILER COMPANY
d/b/a ATC TRAILERS,

*Plaintiff-Appellant*,

*v.*

WESTCHESTER FIRE INSURANCE
COMPANY,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 20-cv-721 — **Damon R. Leichty**, *Judge*.

ARGUED OCTOBER 29, 2021 — DECIDED JANUARY 31, 2022

Before SYKES, *Chief Judge*, and KANNE and HAMILTON,
*Circuit Judges*.

KANNE, *Circuit Judge*. In 2016, Aluminum Trailer Company d/b/a ATC Trailers ("ATC") purchased a commercial general liability insurance policy from Westchester Fire Insurance Company ("Westchester"). The policy provided coverage against liability incurred because of an "advertising

injury," a defined term that included, as relevant here, trade dress infringement.

ATC filed the suit after a company by the name of Sidi Spaces, LLC d/b/a BizBox ("BizBox") sued ATC in a separate action for breach of contract and interference with its business expectancies. BizBox alleged in that suit that ATC manufactured and sold a knock-off trailer using BizBox's design.

ATC sued its insurer, Westchester, seeking a declaratory judgment that Westchester owes it a duty to defend and a duty to indemnify. Westchester moved to dismiss ATC's complaint for failure to state a claim, arguing that BizBox's underlying suit was not covered under the insurance policy because BizBox did not allege, in that litigation, an infringement of its trade dress in ATC's advertising. Even though BizBox's complaint indeed never alleged a trade dress infringement claim against ATC nor an advertising injury, ATC argued that BizBox's complaint could be construed to plausibly allege a trade dress infringement claim against ATC.

The district court did not buy that argument, and it dismissed ATC's complaint under Federal Rule of Civil Procedure 12(b)(6). We agree with the district court and therefore affirm.

## I. BACKGROUND

On October 2, 2014, ATC contracted with BizBox to manufacture trailers using BizBox's design. ATC promised not to use BizBox's design for any other purpose. ATC manufactured approximately sixty-five to seventy trailers for BizBox customers over the next three years.

ATC purchased a Commercial General Liability Insurance Policy ("the Policy") from Westchester for the period from

September 3, 2016, to September 3, 2017. The Policy contained a $1 million personal and advertising injury limit. The Policy also set forth a duty to defend.

The Policy's basic grant of coverage states that Westchester promises to pay "sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies." The Policy defines "personal and advertising injury," in relevant part, as injury arising out of "[i]nfringing upon another's … trade dress … in your 'advertisement.'" "Advertisement" is defined under the Policy as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters." "Your" refers to ATC.

In January 2019, BizBox discovered that ATC had manufactured a knock-off trailer using BizBox's design and sold the trailer directly to a BizBox customer for a lower price. The knock-off trailer was virtually identical to a BizBox trailer, except that ATC had replaced BizBox's name and logo with its own name and logo. BizBox filed suit in Arizona state court against ATC after learning about the sale, asserting claims for breach of contract and tortious interference with existing and prospective contract relations. Notably, the term "trade dress" never appears in BizBox's complaint.

ATC notified Westchester of the suit and sought coverage under the Policy. Westchester denied coverage. ATC then filed the instant suit against Westchester in Indiana state court seeking coverage relating to BizBox's complaint, including a defense and indemnity for any liability ATC might incur. Westchester removed the suit to federal court based on diversity jurisdiction and then moved to dismiss ATC's complaint

under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted, arguing that BizBox's underlying suit was not covered under the Policy because BizBox never alleged an infringement of its trade dress in an "advertisement."

The district court granted Westchester's motion and dismissed ATC's complaint. The district court found that Biz-Box's complaint did not trigger Westchester's duty to defend or indemnify ATC under the "personal and advertising" provision of the Policy. ATC now appeals.

## II. ANALYSIS

We review the district court's dismissal for failure to state a claim *de novo*, accepting all well-pleaded factual allegations as true and drawing permissible inferences in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).

It is undisputed that Indiana law applies here. In Indiana, an insurer's "duty to defend is broader than an insurance company's coverage liability or its duty to indemnify … ." *Seymour Mfg. Co. v. Com. Union Ins. Co.*, 665 N.E.2d 891, 892 (Ind. 1996) (citing *Trisler v. Ind. Ins. Co.*, 575 N.E.2d 1021, 1023 (Ind. Ct. App. 1991)). "[A]n insurer has a duty to defend its insured against suits alleging facts that might fall within the coverage." *Fed. Ins. Co. v. Stroh Brewing Co.*, 127 F.3d 563, 566 (7th Cir. 1997). "Only if there is no possible factual or legal basis on which the insurer might be obligated to indemnify will the insurer be excused from defending its insured." *City of Gary v. Auto-Owners Ins. Co.*, 116 N.E.3d 1116, 1121 (Ind. Ct. App. 2018) (citing *Prop.-Owners Ins. Co. v. Virk Boyz Liquor Stores, LLC*, 219 F. Supp. 3d 868, 873 (N.D. Ind. 2016)).

Pointing to BizBox's complaint in the underlying litigation, ATC argues that one could plausibly conclude that Biz-Box alleges a trade dress infringement claim, and, moreover, that its logo, affixed to the knock-off trailer, was an "advertisement" as defined under the Policy. The district court conducted a very thorough analysis of those arguments and ultimately found them to be unavailing.

We need not revisit the district court's detailed trade dress analysis nor entertain ATC's trade dress arguments here, however, because BizBox never alleged an advertising injury in its suit against ATC. Remember, BizBox sued ATC for breach of contract and tortious interference with contract. The Policy's coverage extends to ATC only if BizBox claimed that ATC infringed on its trade dress in ATC's "advertisement." BizBox therefore must have alleged an advertising injury or, at the very least, alleged facts that plausibly show one occurred. BizBox did not. Simply, the Policy does not cover any of the claims BizBox raised.

ATC attempts to read such a claim where none plausibly exists. The district court found ATC's argument—that its logo affixed to the knock-off trailer is an advertisement as defined under the Policy—unpersuasive because no facts from the BizBox complaint could be construed to support the assertion that the injury stemmed from the alleged advertisement. We agree with the district court. Therefore, Westchester's duty to defend under the "personal and advertising injury" provision of the Policy was never triggered. *See Newnam Mfg., Inc. v. Transcon. Ins. Co.*, 871 N.E.2d 396, 401 (Ind. 2007) ("If the pleadings reveal that a claim is clearly excluded under the policy, then no defense is required." (citing *Liberty Mut. Ins.*

*Co. v. OSI Indus., Inc.*, 831 N.E.2d 192, 198 (Ind. Ct. App. 2005))).

*National Union Fire Insurance Co. of Pittsburgh, Pennsylvania v. Mead Johnson & Co. LLC*, 735 F.3d 539 (7th Cir. 2013), drives the point home. Like this case, *National Union* involved the application of Indiana law to the "advertising injury" coverage in a commercial general liability insurance policy. The basic coverage language of the insuring agreement was similar to this case: the insurer promised to pay "sums that the insured becomes legally obligated to pay as damages because of … advertising injury." *Id.* at 546–47 (alteration in original). Like here, the term "advertising injury" was defined in the policy, but there the relevant part of the definition was product disparagement, not trade dress infringement. The insured was sued for consumer fraud and sought a defense and indemnity, arguing that the policy covered any injury that could be "*traced* to product disparagement, rather than covering just *claims* of product disparagement." *Id.* at 547. We rejected this argument, explaining that "[t]he policy says that the damages must arise out of the 'offense,' in this case the offense of product disparagement," and "[t]he offense in this case is not product disparagement but consumer fraud, which the policy does not cover." *Id.* The damages must, we clarified, "in other words arise from a 'claim for' product disparagement, rather than just 'having its origin in' product disparagement." *Id.* The same sort of reasoning applies here, with the same result.

We also expressed concerns at oral argument about whether the alleged conduct even occurred during the period covered under the Policy. However, we need not further address those concerns today.

In sum, BizBox did not bring a claim for infringement of trade dress and did not allege an advertising injury against ATC in the Arizona litigation. Importantly, BizBox alleged no facts that can plausibly be construed to show that it asserted that an advertising injury occurred in that suit. Westchester therefore has no duty to defend or indemnify ATC under the "personal and advertising injury" provision of the Policy. ATC thus fails to state a claim upon which relief can be granted, so its suit was properly dismissed under Rule 12(b)(6).

### III. CONCLUSION

For the reasons above, the district court did not err in granting Westchester's motion to dismiss. We AFFIRM.